952 So.2d 963 (2006)
Manda GRIFFIN, Individually and as a Wrongful Death Beneficiary, and on Behalf of All Other Wrongful Death Beneficiaries of Gracie M. Stephens, Deceased, Appellant.
v.
Terry PINSON, M.D., Appellee.
No. 2005-CA-01376-COA.
Court of Appeals of Mississippi.
October 3, 2006.
Rehearing Denied January 16, 2007.
Felecia Perkins, Hiawatha Northington, attorneys for appellant.
Janelle Marie Lowrey, Oxford, Robert K. Upchurch, Tupelo, attorneys for appellee.
EN BANC.
ISHEE, J., for the Court.
¶ 1. Manda Griffin filed suit in the Circuit Court of Lee County against Dr. Terry Pinson for negligence in the treatment of her natural mother, Gracie Stephens. The trial court granted Dr. Pinson's motion for summary judgment. Aggrieved by the trial court's decision, Ms. Griffin appeals. Finding no error, we affirm.

FACTS
¶ 2. Ms. Stephens, a sixty-one-year-old woman who was on peritoneal dialysis because of end-stage renal disease, was admitted *964 to North Mississippi Medical Center on December 29, 2000. Ms. Stephens was treated for her symptoms (persistent diarrhea and abdominal pain), but her condition failed to improve. The decision was made to take out her peritoneal dialysis catheter and to convert to hemodialysis by the surgical placement of an internal jugular Mahurkar device. On January 4, 2001, Dr. Pinson performed the surgical procedure; Ms. Stephens died at the medical center on January 11, 2001.
¶ 3. On August 13, 2001, Ms. Griffin filed a wrongful death action, based on medical negligence, against Dr. Pinson in the Circuit Court of Lee County. In the complaint, Ms. Griffin asserted that, during the surgical procedure, Dr. Pinson negligently lacerated Ms. Stephens's carotid artery, which resulted in a hematoma that ultimately caused her death. On September 12, 2001, Dr. Pinson filed his answer denying all allegations of negligence; he also filed his notice of service of request for admissions, interrogatories, and production of documents. On November 6, 2001, Ms. Griffin filed her notice of service of written discovery, i.e., answers to Dr. Pinson's first set of interrogatories and responses to Dr. Pinson's first request for production. In response to an interrogatory requesting the name and qualifications of each expert witness expected to testify, as well as the subject matter and substance of the expert testimony, Ms. Griffin stated only that she would "supplement with expert opinions as required by the Mississippi Rules of Civil Procedure."
¶ 4. On December 6, 2001, Dr. Pinson filed a motion for summary judgment asserting that Ms. Griffin failed to meet the burden of proof in a medical negligence action, as she lacked the opinion of a qualified medical expert to support her allegations. Ms. Griffin filed a response to the motion for summary judgment on December 31, 2001. Ms. Griffin attached a supplemental response to Dr. Pinson's expert testimony interrogatory. In the supplemental response, Ms. Griffin identified Dr. Beverly Lewis, a board certified general surgeon from Houston, Texas, as her expert witness, and attached a document detailing Dr. Lewis's qualifications. Ms. Griffin stated that, based on Dr. Lewis's review of Ms. Stephen's medical chart from North Mississippi Medical Center, as well as the death certificate and the complaint, Dr. Lewis would testify as to the applicable standard of care applicable to surgeons. Specifically, Ms. Griffin expected Dr. Lewis to testify that "Dr. Pinson lacerated Ms. Stephens'[s] carotid artery while attempting to place an internal jugular Mahurkar device." Dr. Lewis was also expected to testify that Dr. Pinson owed a duty to Ms. Stephens and that he breached that duty "by not realizing he was in the carotid artery" and by "lacerating the artery which proximately caused her ultimate death." The supplemental response was sworn to by Ms. Griffin; however, Dr. Lewis neither swore to the document, nor provided an affidavit.
¶ 5. On March 7, 2002, Dr. Pinson filed a motion to strike Ms. Griffin's response to the motion for summary judgment on the grounds that Ms. Griffin's response was not supported by affidavits as required by Rule 56(e) of the Mississippi Rules of Civil Procedure. On October 30, 2002, Ms. Griffin filed a supplemental designation of experts. In that document, Ms. Griffin once again identified Dr. Lewis as an expert witness, but failed to attach an affidavit. Ms. Griffin also identified Dr. Deepak Awasthi, a neurosurgeon and associate professor of neurosurgery at Louisiana State University, as an expert witness.[1] *965 According to Ms. Griffin, Dr. Awasthi was expected to adopt the opinion of Dr. Lewis that Pinson proximately caused Ms. Stephens's death when he lacerated her carotid artery. Dr. Awasthi neither swore to the document, nor provided an affidavit. Ms. Griffin responded to the motion to strike on December 20, 2002, asserting that she designated her expert in December of 2001, which was before the October 30, 2002 deadline set by the first scheduling order.[2] In her response to the motion to strike, Ms. Griffin further asserted that the issues raised by Dr. Pinson's motion to strike became moot when the trial court entered a scheduling order.
¶ 6. On May 27, 2005, the trial court entered an order granting Dr. Pinson's motion to strike Ms. Griffin's response to the motion for summary judgment, and on June 1, 2005, the court entered an order granting Dr. Pinson's motion for summary judgment. On June 30, 2005, Ms. Griffin filed her notice of appeal. She presents the following issues for our review, which we list verbatim:
I. The Circuit Court of Lee County erred in granting summary judgment to Terry Pinson, M.D.
A. Genuine issues of material fact exist as to whether Terry Pinson's actions constituted negligence, since Manda Griffin timely identified her experts, their opinions and their qualifications.
1. Manda Griffin seasonably supplemented her interrogatory responses with respect to expert witness identification.
2. Manda Griffin complied with court-ordered deadlines requiring designation of her expert witnesses.
3. Under Mississippi law, Manda Griffin's provision of expert information presents a genuine issue of material fact which precludes summary judgment.
B. The circuit court failed to properly apply the standard for ruling on motions for summary judgment.
1. The [c]ourt failed to give the proper weight to the entirety of the record, including pleadings, sworn responses to interrogatories and all other submissions.
2. The [c]ourt failed to properly review the record in determining that the response filed by Manda Griffin to the Motion for Summary Judgment was inadequate.

STANDARD OF REVIEW
¶ 7. An appeal from summary judgment is reviewed de novo. Jacox v. Circus Circus Miss., Inc., 908 So.2d 181, 183(¶ 4) (Miss.Ct.App.2005) (citing Cossitt v. Alfa Ins. Corp., 726 So.2d 132, 136(¶ 19) (Miss. 1998)). The standard by which we review the grant or denial of summary judgment is the same standard as is employed by the trial court under Rule 56(c) of the Mississippi Rules of Civil Procedure. Id. (citing Dailey v. Methodist Med. Ctr., 790 So.2d 903, 906-07(¶ 3) (Miss.Ct.App.2001)). Pursuant to Rule 56(c) of the Mississippi Rules of Civil Procedure, summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories and *966 admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." The evidence must be viewed in the light most favorable to the nonmoving party. Jacox, 908 So.2d at 184(¶ 4) (citing Dailey, 790 So.2d at 907).

ISSUES AND ANALYSIS
I. The Circuit Court of Lee County erred in granting summary judgment to Terry Pinson, M.D.
A. Genuine issues of material fact exist as to whether Terry Pinson's actions constituted negligence, since Manda Griffin timely identified her experts, their opinions and their qualifications.
1. Manda Griffin seasonably supplemented her interrogatory responses with respect to expert witness identification.
2. Manda Griffin complied with court-ordered deadlines requiring designation of her expert witnesses.
3. Under Mississippi law, Manda Griffin's provision of expert information presents a genuine issue of material fact which precludes summary judgment.
B. The circuit court failed to properly apply the standard for ruling on motions for summary judgment.
1. The [c]ourt failed to give the proper weight to the entirety of the record, including pleadings, sworn responses to interrogatories and all other submissions.
2. The [c]ourt failed to properly review the record in determining that the response filed by Manda Griffin to the Motion for Summary Judgment was inadequate.
¶ 8. Under this assignment of error, Ms. Griffin's central argument is that she created a genuine issue of material fact because she seasonably supplemented her response to Dr. Pinson's expert witness's interrogatory and she submitted designation of experts pursuant to the scheduling order. In support of this argument, Ms. Griffin notes that she supplemented her response to Dr. Pinson's expert witness interrogatory by identifying Dr. Lewis as an expert witness on December 28, 2001. Ms. Griffin further notes that her supplemental response complied with Rule 26(b)(4) of the Mississippi Rules of Civil Procedure, as she provided a list of Dr. Lewis's qualifications, her anticipated opinion, and the basis for the anticipated opinion. Moreover, Ms. Griffin emphasizes that she filed a supplemental designation of experts on October 30, 2002, again identifying Dr. Lewis and adding Dr. Awasthi, Henley, and Limbach to her list of expert witnesses. According to Ms. Griffin, because Dr. Pinson failed to provide the qualifications or opinions of the experts he designated for trial, the manner in which she designated her expert witnesses created a genuine issue of material fact.[3]
¶ 9. Dr. Pinson maintains that summary judgment was appropriate because Ms. Griffin failed to present an affidavit from *967 any of her designated medical experts. Dr. Pinson notes that sixteen months elapsed between the filing of his motion for summary judgment and the hearing on the motion, yet Ms. Griffin did not present an affidavit from an expert witness at the hearing on the motion for summary judgment. Dr. Pinson further notes that thirteen months elapsed between the hearing and the order granting the motion for summary judgment, yet during that time Ms. Griffin still did not submit an affidavit. Moreover, Dr. Pinson argues that Ms. Griffin had notice of the deficiency of her response to summary judgment because of his motion to strike. In that motion, Dr. Pinson urged the court to strike Ms. Griffin's response to the motion for summary judgment because she failed to provide supporting affidavits for the opinion of Dr. Lewis and because she, Ms. Griffin, was not competent to express a medical opinion. Consequently, Dr. Pinson asserts that Ms. Griffin was not diligent in her response to the motion for summary judgment.
¶ 10. In order to establish a prima facie case for medical malpractice:
the plaintiff (1) after establishing the doctor-patient relationship and its attendant duty, is generally required to present expert testimony (2) identifying and articulating the requisite standard of care and (3) establishing that the defendant physician failed to conform to the standard of care. In addition, (4) the plaintiff must prove the physician's noncompliance with the standard of care caused the plaintiff's injury, as well as proving (5) the extent of the plaintiff's damages.
Griffin v. McKenney, 877 So.2d 425, 446(¶ 75) (Miss.Ct.App.2003) (quoting McCaffrey v. Puckett, 784 So.2d 197, 206(¶ 33) (Miss.2001)). Rule 56(e) of the Mississippi Rules of Civil Procedure provides that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matter stated therein."
¶ 11. We find that, in neglecting to provide the affidavit of a medical expert to support her medical malpractice claim, Ms. Griffin failed to comply with Rule 56(e) of the Mississippi Rules of Civil Procedure. The anticipated expert opinion set forth by Ms. Griffin could not have been based on her personal knowledge. Furthermore, Ms. Griffin had more than adequate time to submit the affidavit of a medical expert. It is well established that "[t]he party opposing the motion must be diligent and may not rest upon mere allegations or denials in the pleadings but must by allegations or denials set forth specific facts showing there are genuine issues for trial." McMichael v. Howell, 919 So.2d 18, 21(¶ 5) (Miss.2005) (citing Davis v. Hoss, 869 So.2d 397, 401(¶ 10) (Miss.2004)). Ms. Griffin chose not to be diligent at her own peril. Therefore, this issue is without merit.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE and MYERS, P.JJ. SOUTHWICK, IRVING, CHANDLER, AND ROBERTS, JJ. CONCUR. GRIFFIS AND BARNES, JJ., NOT PARTICIPATING.
NOTES
[1] Griffin also identified Ann Limbach and James Henley as expert witnesses. Limbach, a registered nurse, was expected to testify that the nurses employed by North Mississippi Medical Center failed to comply with nursing standards in the care of Stephens. Henley, a certified public accountant, was expected to testify as to the economic losses resulting from Stephens's death.
[2] Two scheduling orders were filed in this case, the first was filed on August 14, 2002, and the second was filed on August 20, 2003.
[3] On December 19, 2002, Dr. Pinson filed a designation of expert witnesses, identifying himself, the treating physicians of Ms. Stephens identified in the records of North Mississippi Medical Center, and "[a]ny experts designated by the plaintiff or defendant North Mississippi Medical Center in their designations of expert witnesses." On January 16, 2003, Dr. Pinson supplemented his designation of expert witnesses by identifying Dr. Donald L. Akers, Jr., as associate professor of surgery at Tulane University. He did not provide Dr. Akers' anticipated opinion.