STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA 07-422


STATE OF LOUISIANA

VERSUS

CORNELIUS GUILLORY, JR.


**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 7224-04
HONORABLE ROBERT LANE WYATT, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of John D. Saunders, Jimmie C. Peters, and Glenn B. Gremillion, Judges.

**CONVICTIONS AND SENTENCES AFFIRMED AS AMENDED, WITH INSTRUCTIONS.  MOTION TO WITHDRAW GRANTED.**

John Foster DeRosier
District Attorney
P. O. Box 3206
Lake Charles, LA 70602-3206
(337) 437-3400
Counsel for Plaintiff/Appellee:
State of Louisiana

Carey J. Ellis, III
Louisiana Appellate Project
P.O. Box 719
Rayville, LA 71269
(318) 728-2043
Counsel for Defendant/Appellant:
Cornelius Guillory, Jr.

**Carla Sue Sigler**
**Assistant District Attorney**
**P. O. Box 3206**
**Lake Charles, LA 70602**
**(337) 437-3400**
**Counsel for Plaintiff/Appellee:**
**State of Louisiana**

**Cornelius Guillory, Jr.**
**Calcasieu Correctional Center**
**P. O. Box 2017**
**Lake Charles, LA 70602**
**In Proper Person**

**SAUNDERS, Judge.**

The Defendant, Cornelius Guillory, Jr., was charged by indictment filed on March 18, 2004, with two counts of molestation of a juvenile, in violation of La.R.S. 14:81.2. The Defendant entered a plea of not guilty to all charges on July 19, 2004.

Jury selection commenced on September 12, 2006, and on September 13, 2006, the jury returned verdicts of guilty of molestation of a juvenile on count one and guilty of the responsive verdict of indecent behavior with a juvenile, in violation of La.R.S. 14:81, on count two.

The Defendant filed a Motion for Post Verdict Judgment of Acquittal on September 19, 2006. On November 15, 2006, the trial court denied the Defendant's Motion for Post Verdict Judgment of Acquittal and sentenced the Defendant to four years in the Louisiana Department of Corrections for molestation of a juvenile and to two years in the custody of the Louisiana Department of Corrections for indecent behavior with a juvenile. The sentences were ordered to run consecutively. A Motion for Appeal and Designation of Record was filed on November 16, 2006.

Appellate counsel has filed an *Anders* brief in this matter and the Defendant asserts one *pro se* assignment of error. For the following reasons, we amend the sentence, affirm the convictions and sentences as amended, and grant the motion to withdraw.

**FACTS:**

While acting as a substitute teacher on March 31, 2003, the Defendant rubbed the breasts and grabbed the buttocks of a fifth grade student. The Defendant also threw a pen between the legs of another student and softly brushed her leg with a few papers he was holding in his hand. The student testified that after the Defendant brushed her leg with the papers, he asked her if it tingled, if she had to go to the

bathroom, and how it made her feel "below."

**ERRORS PATENT:**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there are two errors patent.

First, the trial court failed to specifically deny the Defendant eligibility for diminution of sentence on the convictions of molestation of a juvenile and indecent behavior with a juvenile. Louisiana Revised Statutes 15:537(A) requires that diminution of sentence be denied to a person who is sentenced to imprisonment for a stated number of years or months and is convicted of or pleads guilty to certain sex offenses, including molestation of a juvenile and indecent behavior with a juvenile, violations of La.R.S. 14:81.2 and 14:81. We addressed this issue in *State v. S.D.G.*, 06-174 (La.App. 3 Cir. 5/31/06), 931 So.2d 1244, *writ denied*, 06-1917 (La. 3/15/07), 952 So.2d 964, explaining in pertinent part:

> Louisiana Revised Statutes 15:537(A) requires that diminution of sentence be denied to all offenders who are convicted of or plead guilty to sex offenses, including aggravated rape and aggravated incest. Here, the trial court failed to deny the defendant diminution eligibility under La.R.S. 15:537(A) for both sentences imposed. In *State v. G.M.W., Jr.*, 05-391, p. 2 (La.App. 3 Cir. 11/2/05), 916 So.2d 460, 461, the court stated:
>
>> We note that the second paragraph of La.R.S. 15:537 is clearly directed to the sentencing court, and the trial court's failure to include a denial of diminution of sentence thereunder renders Defendant's sentences illegally lenient. Pursuant to *State v. Williams*, 00-1725 (La.11/28/01), 800 So.2d 790 and La.Code Crim.P. art. 882, this court is authorized to recognize and correct illegally lenient sentences.
>
> Here, the trial court's failure to deny diminution of sentence

2

renders the defendant's sentences illegally lenient. Therefore, we amend the defendant's sentences to reflect that diminution eligibility is denied pursuant to La.R.S. 15:537(A). We also instruct the trial court to make a notation in the minutes reflecting the amendment.

*Id*. at 1247. Thus, the Defendant received illegally lenient sentences. Consequently, the Defendant's sentences are amended to reflect that he is not eligible for diminution of sentence pursuant to La.R.S. 15:537, and the trial court is ordered to note the amendment in the court minutes.

Second, the record does not indicate that the trial court advised the Defendant of the prescriptive period for filing post-conviction relief as required by La.Code Crim.P. art. 930.8(C). Thus, the trial court is directed to inform the Defendant of the provisions of article 930.8 by sending appropriate written notice to the Defendant within ten days of the rendition of this opinion and to file written proof that the Defendant received the notice in the record of the proceedings. *State v. Roe*, 05-116 (La.App. 3 Cir. 6/1/05), 903 So.2d 1265, *writ denied*, 05-1762 (La. 2/10/06), 924 So.2d 163.

**ANALYSIS:**

Pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), Defendant's appellate counsel has filed a brief stating he could find no errors on appeal that would support reversal of the Defendant's convictions or sentences. Thus, counsel seeks to withdraw.

In *State v. Benjamin*, 573 So.2d 528 (La.App. 4 Cir. 1990), the fourth circuit explained the *Anders* analysis:

When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after

3

providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

*Id.* at 531.

Pursuant to *Anders* and *Benjamin*, we performed a thorough review of the record, including pleadings, minute entries, the charging instrument, and the transcripts. The Defendant was properly charged in an indictment, was present and represented by counsel at all crucial stages of the proceedings, the jury composition and verdicts were correct, and he received legal sentences.

We have found no issues which would support an assignment of error on appeal. Therefore, appellate counsel's motion to withdraw is granted.

**_PRO SE_ ASSIGNMENT OF ERROR:**

In his *pro se* brief, the Defendant alleges defense counsel was ineffective. He asserts that he, along with his son, his wife, and his wife's aunt, observed two jurors sleeping and that information was relayed to defense counsel. Additionally, the Defendant's son observed witnesses, two or more at a time, going into and out of the "District Attorney's Room" despite the trial court's order that witnesses not talk among themselves. The Defendant asserts he asked defense counsel to raise these issues, but was informed that it could "Help Not Hurt Us." The Defendant further asserts that defense counsel failed to call any witnesses, including the school counselor, the computer lab teacher, the lunch lady, and other students who were in

4

the classroom on the date of the offenses. The Defendant then addresses inconsistencies in the statements made by several witnesses and avers that defense counsel did not object to or bring up these inconsistencies at trial.

We find the record is insufficient to rule on the Defendant's claims. Rather than on direct appeal, ineffective assistance of counsel claims are most appropriately addressed through an application for post-conviction relief filed in the trial court where a full evidentiary hearing can be conducted. *State v. Leger*, 05-11, p. 44 (La. 7/10/06), 936 So.2d 108, 142, *cert. denied*, __ U.S. __, 127 S.Ct. 1279 (2007). Accordingly, the Defendant's claims of ineffective assistance of counsel are relegated to post-conviction proceedings.

**CONVICTIONS AND SENTENCES AFFIRMED AS AMENDED, WITH INSTRUCTIONS. MOTION TO WITHDRAW GRANTED.**