# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 10-1218

STATE OF LOUISIANA

VERSUS

A.D.L.

************

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 07-6617
HONORABLE DONALD W. HEBERT, DISTRICT JUDGE

************

## PHYLLIS M. KEATY
## JUDGE

************

Court composed of Ulysses Gene Thibodeaux, Chief Judge, J. David Painter, and Phyllis M. Keaty, Judges.

## CONVICTION AND SENTENCE CONDITIONALLY AFFIRMED; CASE REMANDED FOR EVIDENTIARY HEARING.

**G. Paul Marx**
**Attorney at Law**
**Post Office Box 82389**
**Lafayette, Louisiana 70598-2389**
**(337) 237-2537**
**Counsel for Defendant/Appellant:**
    **A.D. L**

**Earl B. Taylor**
**District Attorney**
**Jennifer M. Ardoin**
**Assistant District Attorney**
**Post Office Drawer 1968**
**Opelousas, Louisiana 70571**
**(337) 948-0551**
**Counsel for:**
    **State of Louisiana**

**KEATY, Judge.**

Defendant, A.D.L., was indicted on May 29, 2008, for one count of indecent behavior with a juvenile, a violation of La.R.S. 14:81.[1]  Following a bench trial that commenced on April 21, 2010, Defendant was found guilty as charged.  The trial court ordered a presentence investigation report (PSI).  On July 24, 2010, Defendant was sentenced to five years at hard labor with credit for time served.

Defendant now appeals, asserting that the evidence was not sufficient to sustain the verdict and that his sentence is excessive under the circumstances of this case.

## DISCUSSION

### *Facts*

Defendant was found guilty of indecent behavior with a juvenile stemming from charges alleging that he put his hand into his nine-year-old granddaughter's panties and fondled her genitals.

### *Errors Patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record.  After reviewing the record, we have discovered one error patent.

Defendant was entitled to a jury trial on the charge of indecent behavior with a juvenile.  *See* La.R.S. 14:81 and La.Code Crim.P. art. 782.  The record does not indicate that Defendant knowingly and intelligently waived his right to a jury trial.  We requested from the district court any minute entry and/or transcript concerning a discussion of Defendant's waiver of jury trial.  In response, two court reporters and the minute clerk assigned to the division of the district court in which the trial took

---

[1]Pursuant to La.R.S. 46:1844(W), the initials of the parties involved will be used to protect the identity of the victim.

1

place submitted affidavits stating that they had researched the recordings and court minutes, respectively, and had discovered no reference to a waiver of jury trial.

In *State v. Singleton,* 05-622 (La.App. 5 Cir. 1/31/06), 922 So.2d 647, after finding that the evidence was insufficient to show a valid waiver of jury trial, the fifth circuit conditionally affirmed the defendant's conviction and sentence. Thereafter, it:

> [R]emand[ed] this case for an evidentiary hearing on the question of whether defendant validly waived his right to a trial by jury. If he did not, the trial judge must set aside the conviction and sentence and set the case for further proceedings as dictated by the holding in [*State v.*] *Nanlal*[*,* 97-786 (La. 9/26/97), 701 So.2d 963]. If the trial court finds that there was a valid waiver, defendant's right to appeal that ruling will be reserved.

*Id.* at 654.[2] We will employ the same procedure in this matter.

### *Sufficiency of the Evidence*

Defendant argues that the evidence was too vague and without sufficient corroboration to sustain the verdict beyond a reasonable doubt. He was convicted of indecent behavior with a juvenile, an offense, in pertinent part, defined as:

> A. Indecent behavior with juveniles is the commission of any of the following acts with the intention of arousing or gratifying the sexual desires of either person;
>
> (1) Any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons. Lack of knowledge of the child's age shall not be a defense;

La.R.S. 14:81.

---

[2]*See also State v. R.W.W.*, 06-1253 (La.App. 3 Cir. 3/7/07), 953 So.2d 131, where this court conditionally affirmed the defendant's convictions for aggravated rape and sexual battery and remanded for an evidentiary hearing regarding a possible violation of La.Code Crim.P. art. 793 and whether defendant had preserved the issue for appellate review.

Accordingly, in order to have convicted Defendant, the State had to prove that he committed a lewd or lascivious act upon the victim, or, in the presence of the victim, that the victim was under the age of seventeen, that he was more than two years older than the victim, and that he had the intention of arousing or gratifying the sexual desire of either himself or the victim. *See State v. Rideaux,* 05-446 (La.App. 3 Cir. 11/2/05), 916 So.2d 488.

While discussing sufficiency of the evidence, this court in *State v. Lambert,* 97-64, pp. 4-5 (La.App. 3 Cir. 9/30/98), 720 So.2d 724, 726-27, set forth the following:

> When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State ex rel. Graffagnino v. King*, 436 So.2d 559 (La.1983); *State v. Duncan,* 420 So.2d 1105 (La.1982); *State v. Moody*, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibility of the witness. Therefore, the appellate court should not second-guess the credibility determination of the trier of fact beyond the sufficiency evaluations under the Jackson standard of review. *See King*, 436 So.2d 559, citing *State v. Richardson*, 425 So.2d 1228 (La.1983).

This court observed:

> In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient support for a requisite factual finding. *State v. Stec*, 99-633, p. 4 (La.App. 5 Cir. 11/30/99), 749 So.2d 784, 787. In the case of sexual offenses, the testimony of the victim alone can be sufficient to establish the elements of a sexual offense, even where the State does not introduce medical, scientific or physical evidence to prove the commission of the offense.

*Rideaux,* 916 So.2d at 491 (quoting *State v. Roca*, 03-1076, pp. 11-12 (La.App. 5 Cir. 1/13/04), 866 So.2d 867, 874, *writ denied*, 04-583 (La. 7/2/04), 877 So.2d 143).

At trial, the following testimonies were given:

C.L., the victim's mother, testified that one evening between January and March 1999, she, her husband, who was Defendant's son, and their nine-year-old daughter, S.L., visited Defendant and his wife for a family dinner. After they left Defendant's home, they stopped at a gas station where S.L.'s father went into the convenience store. While he was in the store, S.L. told her mother that as her grandfather was scratching her back, he put his hand into her panties and touched her "hiney."[3] S.L. begged her mother not to tell her father because she was afraid that he and his sister, Defendant's daughter, would be angry with her. While C.L. testified that she did not see anything happen between her daughter and her father-in-law, other than he had scratched her back, later that night she tried to get more details, but S.L. refused to speak of it. C.L. explained that Defendant and his wife were, at the time, living in one small room, referred to as the "out-door kitchen," while the rest of the house was being built. She stated that her brother and his girlfriend were also present.

C.L. related that years earlier she had heard from various family members that Defendant had a history of inappropriate behavior with the young girls in the family, so she was always careful to never let S.L. be alone with her grandfather.

C.L. testified that about six years after the touching incident, while coming home from a movie with an adult cousin and her two children, the cousin made a statement about Defendant being a pervert. After she and S.L. arrived home, S.L. said she was ready to talk. C.L. and S.L. went back to the cousin's home and learned

---

[3]According to C.L., when their family used the term "hiney," they could be referring to the front or the back private area. S.L. later testified that when she was nine or ten years old, she used the term "hiney" to refer to her front private area and the term "butt" to refer to her back private area.

4

that she, too, had been fondled by Defendant when she was a young girl. At this time, C.L. told her husband, and they decided to go to the authorities. They filed an incident report in September 2005.

S.L. testified that on the evening of the incident, she was sitting on the bed and her grandfather was scratching her back while the family was making dinner in the outdoor kitchen. He then began scratching her stomach. He put his hand down into her panties and rubbed her in the vaginal area. She did not say anything to him, and he stopped shortly after he began. She testified that while she told her mother later that evening, she did not want anyone else to know about the incident because she was afraid the family would be mad at her. She said she decided to speak up years later after she heard her cousin tell of having experienced a similar incident with Defendant.

Four witnesses testified that Defendant, who was their uncle, had also touched them in the vaginal area when they were young girls. The incidents occurred between twenty and forty years ago.

D.L., a niece of Defendant, testified that when she was in elementary school, she and her sister would often spend the night at their grandmother's house and sleep on couches in the living room. Their grandmother was Defendant's mother. One night D.L. awoke to her uncle touching her between her legs. When she began to stir around, he quit and walked away. She stated that she and her sister, to whom it happened also, told their grandmother. The grandmother told them to say nothing of it, that she would take care of it. D.L.'s sister, B.H., testified essentially the same as did D.L. The testimonies of J.L. and G.R., who were also nieces of Defendant, were essentially the same as the above two witnesses. One night, at different times, when

5

they had spent the night at their grandmother's house, they woke up to find Defendant laying on the couch with them. He put his hand inside their underwear and rubbed their genital area.

Finally, Defendant's wife, W.L., testified that while she could not remember at which family dinner the alleged incident with S.L. happened, she had never seen or heard of her husband behaving inappropriately with any of his female relatives prior to the current incident.

In brief, Defendant argues that "[t]his case fits the description of a record upon which even the most favorable view of the evidence is unconvincing to the point that the essential elements of the case are missing." We disagree and conclude that all the elements necessary to support a verdict of indecent behavior with a juvenile were present. S.L. was nine years old when the incident occurred. While there was no testimony regarding Defendant's exact age, he was obviously over the age of seventeen and there were more than two years between the two since S.L. was Defendant's granddaughter. Reaching into her panties and rubbing her vaginal area was unarguably a lewd and lascivious act. *See State v. Guillory*, 07-422 (La.App. 3 Cir. 10/31/07), 970 So.2d 670 (act of touching of the victim's breasts and buttocks sufficient to support conviction for indecent behavior with a juvenile).

Finally, the requisite element of specific intent to arouse or gratify the sexual desires of either person may be inferred from the circumstances and the actions of the offender. *See State v. Blanchard,* 00-1147 (La. 4/20/01), 786 So.2d 701. *See also State v. Davis*, 97-331 (La.App. 3 Cir. 10/29/97), 702 So.2d 1014, *writ denied*, 97-2990 (La. 11/6/98), 726 So.2d 919 (evidence of molestation of unrelated victim when she was the same age as the instant victim admissible given the similarities of the

instances of abuse to prove lustful disposition, motive, plan, and to refute any contention that the abuse was the result of accident or mistake). Here, the circumstances indicate that Defendant's moving of his hand from S.L.'s back, around to her stomach, into her panties, and down to her genitals was not a mistake, but rather an intentionally committed sexual act.

Defendant's argument rests primarily of the fact that S.L. did not step forward for six years and the four witnesses who testified that Defendant committed the same acts on them did not speak up for up to forty years. Nevertheless, in 2005 the Louisiana legislature amended the statute of limitation regarding the length of time within which to institute prosecution for certain sex offenses, including indecent behavior with juveniles, from ten years to thirty years from the date the victim attains the age of eighteen. La.Code Crim.P. art. 571.1; Acts 2005, No. 186, § 1.

While Defendant does not say so directly, his argument calls into question the credibility of S.L. and the witnesses. Such calls are usually left to the trier of fact, and the prevailing jurisprudence holds:

> The fact finder's discretion will be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law. [*State v.*] *Mussall,* 523 So.2d 1305[(La.1988)]; [*State v.*] *Green,* 588 So.2d 757 [(La.App. 4 Cir. 1991)]. "[A] reviewing court is not called upon to decide whether it believes the witnesses or whether the conviction is contrary to the weight of the evidence." *State v. Smith*, 600 So.2d 1319, 1324 (La.1992).

> A factfinder's credibility decision should not be disturbed unless it is clearly contrary to the evidence. *State v. Huckabay,* 2000-1082 (La.App. 4 Cir. 2/6/02), 809 So.2d 1093[, *writ denied*, 02-703 (La. 11/1/02), 828 So.2d 564]; *State v. Harris,* 99-3147 (La.App. 4 Cir. 5/31/00), 765 So.2d 432 [, *writ denied*, 00-1946 (La. 9/21/01), 797 So.2d 60].

*State v. Galindo,* 06-1090, p. 10 (La.App. 4 Cir. 10/3/07), 968 So.2d 1102, 1110, *writ denied,* 07-2145 (La. 3/24/08), 977 So.2d 952 (quoting *State v. Armstead*, 02-1030, p. 6 (La.App. 4 Cir. 11/6/02), 832 So.2d 389, 393, *writ denied*, 02-3017 (La. 4/21/03), 841 So.2d 791). *See also State v. Johnson,* 03-1228 (La. 4/14/04), 870 So.2d 995. Moreover, "[i]f rational triers of fact could disagree as to the interpretation of the evidence, the rational trier's view of all the evidence most favorable to the prosecution must be adopted." *Galindo*, 968 So.2d at 1110 (quoting *Armstead*, 832 So.2d 389, 393). Accordingly, only irrational decisions to convict by the triers of fact will be overturned on appeal. *Mussall,* 523 So.2d 1305.

In the instant case, there was no internal contradiction or irreconcilable conflict within S.L.'s testimony. Furthermore, all of the witnesses' testimonies were consistent with each other and with S.L.'s testimony as to Defendant's behavior. After considering the evidence in the light most favorable to the prosecution, we find that the State proved the essential elements of the crime beyond a reasonable doubt. There is no merit to Defendant's claim that the evidence is insufficient to support his conviction.

### Excessiveness of Sentence

Defendant asserts that given his age, his ill health, and the fact that he had a clean criminal record and no indication of similar conduct since the incident with his granddaughter, the five-year sentence was constitutionally excessive.

Defendant was convicted of indecent behavior with a juvenile. At the time the offense was committed, the statute defining indecent behavior with a juvenile provided for a term of incarceration of no more than seven years at hard labor or a fine of not more than five thousand dollars, or both. La.R.S. 14:81(C). Defendant

8

was sentenced to five years imprisonment, a little more than one-half of the potential maximum term of imprisonment.

At the sentencing hearing, the trial court heard victim impact statements and noted that he had reviewed the PSI. The trial court indicated that it had received and read "voluminous correspondence," both for and against Defendant, which it sealed and entered into the record along with the PSI. Following arguments by Defendant and the State, the trial court gave a long recitation of the mitigating and aggravating factors that it considered in fashioning an appropriate sentence.

Defendant did not object to the sentence after it was imposed, nor did he file a motion to reconsider the sentence. Pursuant to La.Code Crim.P. art. 881.1(E),

> Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

Nevertheless, this court has reviewed claims of excessiveness in similar instances. *See, e.g., State v. Thomas*, 08-1358 (La.App. 3 Cir. 5/6/09), 18 So.3d 127. Accordingly, we will review Defendant's claim as a bare claim of excessiveness.

In *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331, this court held:

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell,* 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne,* 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067.

9

In *State v. Lisotta*, 97-406 (La.App. 5 Cir. 2/25/98), 712 So.2d 527, the fifth circuit found the maximum sentence of seven years imposed on a conviction for indecent behavior with a juvenile to be excessive under the circumstances of the case and remanded the matter for resentencing. Thereafter, in *State v. Lisotta,* 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57, *writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183, the defendant was resentenced to six years imprisonment. He contended the sentence was still excessive. The defendant, a school teacher, a first time felony offender, attempted to have sexual intercourse with a seventeen-year-old. He undressed her and fondled her. While reviewing the six-year sentence, the fifth circuit stated:

> The court should consider three factors in reviewing a judge's sentencing discretion:
>
> 1. the nature of the crime,
>
> 2. the nature and background of the offender, and
>
> 3. the sentence imposed for similar crimes by the same court and other courts.
>
> . . . .
>
> . . . On remand the trial court sentenced the defendant to serve six years. In doing so, the trial court set out extensive reasons for his sentencing decision. The court carefully considered the guidelines of LSA-C.Cr.P. article 894.1 noting specifically the defendant's denial of responsibility for the offense, the risk for the defendant to commit another crime, the youth of the victim, the defendant's position of authority, and the defendant's need for a correctional environment, among other factors. The trial court also noted that it had considered victim impact statements, as well as statements offered on behalf of and by the defendant. Finally, the court noted that it did not deny the defendant diminution of sentence for good time, and the court allowed the defendant's sentences for this and his other conviction to run concurrently rather than consecutively.

The Louisiana Supreme Court in *State v. Cook,* 95-2784 (La.5/31/96), 674 So.2d 957, 959, *cert. denied,* 519 U.S. 1043, 117 S.Ct.

615, 136 L.Ed.2d 539 (1996), held that on appeal from a sentence the "only relevant question on review, however, was whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate". We do not find, in light of the trial court's serious consideration of the matter, an abuse of its broad sentencing discretion. Accordingly, we affirm the sentence.

*Id.* at 58-59.

Similarly, in the current case, the trial judge noted Defendant's age, health, the fact that he had no prior criminal history, that there was a pattern of behavior, the age of S.L., and that as her grandfather he had a position of authority over her. Considering the facts of the case and the above jurisprudence, we are convinced that the trial court did not abuse its considerable discretion when it sentenced Defendant to five years imprisonment for the offense of indecent behavior with a juvenile.

There is no merit to Defendant's claim that his sentence is excessive.

### *Waiver of Jury Trial*

Article 1, § 17 of the Louisiana Constitution provides that crimes with a punishment that can exceed confinement for six months must be tried by jury except when, in noncapital cases, the defendant knowingly and intelligently waives his right to a jury trial. See also La.Code Crim.P. arts. 780 and 782. "A knowing and intelligent waiver . . . will not be presumed from a silent record." *State v. Arnold*, 30,282, p. 587 (La.App. 2 Cir. 1/21/98); 706 So.2d 578, *citing State v. Page*, 541 So.2d 409 (La.App. 4 Cir.), *writ denied*, 548 So.2d 323 (La.1989).

*State v. Clark*, 97-1064, p. 7 (La.App. 3 Cir. 4/1/98), 711 So.2d 738, 742, *writ granted and case remanded in light of supplemental filing*, 98-1180 (La. 9/25/98), 726 So.2d 2.

As mentioned previously, there is no evidence in the record to indicate that Defendant validly waived his right to a jury trial. Accordingly, we must remand this matter to the trial court for an evidentiary hearing on this issue.

**DECREE**

For the foregoing reasons, Defendant's conviction and sentence are conditionally affirmed. The case is remanded to the trial court to conduct an evidentiary hearing on the question of whether Defendant validly waived his right to a jury trial. If the evidence shows Defendant did not validly waive his right to a jury trial, the trial court must set aside his conviction and sentence and grant him a new trial. Defendant may appeal from any adverse ruling on this issue, and in the absence of such appeal, this court affirms Defendant's conviction and sentence for indecent behavior with a juvenile.

**CONVICTION AND SENTENCE CONDITIONALLY AFFIRMED; CASE REMANDED FOR EVIDENTIARY HEARING.**