744 So.2d 809 (1999)
Jerry PAEPKE, Appellant,
v.
NORTH MISSISSIPPI MEDICAL CENTER, INC. and Dr. Alan Brown and Dr. Michael Currie, Appellees.
No. 97-CA-00862 COA.
Court of Appeals of Mississippi.
March 23, 1999.
Rehearing Denied July 20, 1999.
Certiorari Denied October 7, 1999.
*810 Jimmy D. Shelton & Assoc., P.A., Tupelo, Christopher G. Evans, Batesville, Attorneys for Appellant.
Holland, Ray, Upchurch & Hillen, P.A., Robert K. Upchurch, David W. Upchurch, Tupelo, Attorneys for Appellees.
EN BANC.
KING, J., for the Court:
¶ 1. Jerry Paepke appeals from a summary judgment dismissing claims of negligent care and treatment, and failure to properly diagnose a medical condition against Dr. Alan Brown, Dr. Michael Currie, and North Mississippi Medical Center. Mr. Paepke assigns two points of error:
I. WHETHER OR NOT THE CIRCUIT COURT OF LEE COUNTY, MISSISSIPPI ERRED IN SUSTAINING THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BY FINDING THAT THE PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT DID NOT MAKE AN ADEQUATE SHOWING OF GENUINE ISSUES OF MATERIAL FACT.
II. WHETHER THE CIRCUIT COURT OF LEE COUNTY, MISSISSIPPI ERRED IN RULING THAT THE PLAINTIFF, AS THE NON-MOVING PARTY IN A SUMMARY JUDGMENT PROCEEDING, WAS REQUIRED TO PRESENT EXPERT MEDICAL TESTIMONY ARTICULATING THE SPECIFIC STANDARDS OF MEDICAL CARE BREACHED BY THE DEFENDANTS WHEN NO SUCH PROOF OTHERWISE WAS BEFORE THE COURT, THROUGH AFFIDAVIT OR THE LIKE, BY THE DEFENDANTS, THE MOVING PARTIES TO THE MOTION FOR SUMMARY JUDGMENT.
¶ 2. Finding error, this Court reverses the grant of summary judgment.

FACTS
¶ 3. On July 31, 1993, Jerry Paepke suffered an injury after falling from the bucket of a front-end loader. He was transported by ambulance to the emergency room of the North Mississippi Medical Center (NMMC) in Tupelo, Mississippi where he complained of neck, chest, and right arm pain.
¶ 4. Dr. Allan Brown, an emergency room physician, examined Mr. Paepke and ordered several x-rays. Dr. Michael Currie, a radiologist, interpreted the x-rays and found no evidence of fracture. Mr. Paepke was diagnosed with cervical strain and first and second degree burns on his right forearm. He was discharged from the emergency room shortly thereafter.
¶ 5. According to Mr. Paepke, shortly after his discharge from the hospital, he continued to experience pain. Upon seeing another physician, Dr. Thomas McDonald, a neurosurgeon, he was hospitalized and diagnosed as having sustained an adontoid fracture type three (3) and lateral mass fracture at C5-C6 with nerve root contusion. He later underwent a posterior fusion of C1-C2 with wiring of the bone.
¶ 6. On July 26, 1995, Mr. Paepke filed a complaint alleging negligence and carelessness in not properly diagnosing him on *811 July 31, 1993 and in failing to transfer him to a facility with the proper equipment to perform necessary diagnostic procedures. After having filed answers to the complaint, Dr. Currie filed a motion for summary judgment with Dr. Brown and the NMMC joining the motion. The circuit court granted summary judgment. Mr. Paepke now appeals the grant of summary judgment.

STANDARD OF REVIEW
¶ 7. This Court employs a de novo standard when reviewing a lower court's grant of a summary judgment motion. Short v. Columbus Rubber & Gasket Company, Inc., 535 So.2d 61, 63 (1988). We must review all evidentiary matters before us in the record: affidavits, depositions, admissions, interrogatories, etc. The evidence must be viewed in the light most favorable to the non-moving party, and the non-moving party is to be given the benefit of every reasonable doubt. Smith v. Sanders, 485 So.2d 1051, 1054 (Miss.1986). The burden of demonstrating that no genuine issue of fact exists falls on the party requesting summary judgment. Short v. Columbus Rubber and Gasket Co., 535 So.2d 61, 63-64 (Miss.1988). However, this burden on the moving party is one of production and persuasion, not of proof. Fruchter v. Lynch Oil Co., 522 So.2d 195, 198 (Miss.1988). Ultimately, the granting of summary judgment lies only where there is no genuine issue of material fact, and the moving party is entitled to a judgment as a matter of law. M.R.C.P. 56(c).

DISCUSSION
¶ 8. Mr. Paepke contends that the trial court erred in granting summary judgment due to his failure to establish a genuine issue of material fact.

Law
¶ 9. "[M]ississippi case law demands that in a medical malpractice action, negligence cannot be established without medical testimony that the defendant failed to use ordinary skill and care." Phillips v. Hull, 516 So.2d 488, 491 (Miss. 1987). "[A]bsent expert medical testimony which (a) articulates the duty of care the physician owes to a particular patient under the circumstances, (b) identifies the particular(s) wherein the physician breached that duty and caused injury to the plaintiff patient, the plaintiff's claim for negligence ... must fail." Id.

Analysis
¶ 10. The trial judge indicated in his order for summary judgment that the medical affidavit prepared by T.K. Ellis, an emergency room physician, and submitted on Mr. Paepke's behalf was "merely conclusions and [did] not articulate the duty of care nor identify the particular(s) breaches of the duty of either defendant". This Court disagrees.
¶ 11. The affidavit read, in pertinent part,:
6. That I, [T.K. Ellis] have actively participated and practiced and participated in the field of emergency medicine for approximately eighteen (18) years.
7. That I have thoroughly reviewed, analyzed and outlined all of the medical records and reports which are relevant to the pending lawsuit which has been filed by Jerry Paepke against the North Mississippi Medical Center and its agents.
8. That these medical records and reports indicate that both Dr. Alan Brown and Dr. Michael Currie, as agents of the North Mississippi Medical Center, clearly breached the applicable standard of care in the evaluation, documentation, diagnosis, treatment and disposition of Jerry Paepke on or about July 31, 1993.
9. That in my expert medical opinion, based upon a reasonable degree of medical certainty, Dr. Alan Brown, an agent of the North Mississippi Medical Center, committed malpractice with regard to his diagnosis, treatment, and care of Jerry Paepke on or about July 31, 1993.

*812 10. That in my expert medical opinion, based upon a reasonable degree of medical certainty, Dr. Michael Currie, an agent of the North Mississippi Medical Center, committed malpractice with regard to his diagnosis, treatment, and care of Jerry Paepke on or about July 31, 1993.
11. That in my expert medical opinion, based upon a reasonable degree of medical certainty, the condition of Jerry Paepke worsened as a result of the failure of Dr. Alan Brown and Dr. Michael Currie to properly diagnose and treat Jerry Paepke, on or about July 31, 1993.
12. That in my expert medical opinion, based upon a reasonable degree of medical certainty, Jerry Paepke has been caused to suffer permanent injuries as a result of the failure of Dr. Alan Brown and Dr. Michael Currie to properly diagnose and treat Jerry Paepke on or about July 31, 1993.
13. That in my expert opinion, based upon a reasonable degree of medical certainty, Jerry Paepke received incompetent medical care from all departments with which he had contact at the North Mississippi Medical Center on or about July 31, 1993.
14. That in my expert opinion, based upon a reasonable degree of medical certainty, the failure of the North Mississippi Medical Center to provide competent care and treatment for Jerry Paepke on or about July 31, 1993 will directly and proximately cause Jerry Paepke to suffer medical and mental problems for the remainder of his life.
¶ 12. The affidavit stated that Dr. Brown, Dr. Currie, and the NMMC, breached the applicable standard of care in the evaluation, documentation, diagnosis, treatment, care and disposition of Mr. Paepke. Though the affidavit did not use the terms of art[1] typically expressed in the medical community, the standard of care for both physicians as well as the medical center was effectively delineated throughout the affidavit. Basing his opinion on his eighteen years of having actively participated and practiced in the field of emergency medicine, Dr. Ellis indicated the standard of care for an emergency room physician, radiologist, or hospital as the rendering of proper diagnosis, evaluation and documentation. Viewing the affidavit in the light most favorable to Mr. Paepke, the non-moving party, this Court finds that the standard of care was properly delineated and a genuine issue of material fact was therefore established.
¶ 13. Mr. Paepke also contends that the trial court erred in requiring that he present expert medical testimony which established the standard of care when the appellees presented no medical testimony to support their motion for summary judgment.
¶ 14. This Court finds that the trial court did not err in requiring that Mr. Paepke present expert medical testimony in the absence of any expert medical testimony from the appellees. "The party moving for summary judgment bears the burden of persuading the trial court that no genuine issue of material fact exists, and that they are, based on the existing facts, entitled to judgment as a matter of law. The movant and non-movant bear the burdens of production corresponding to the burdens of proof they would bear at trial. Thus, the movant only bears the burden of production where they would bear the burden of proof at trial. Correspondingly, the non-movant, provided [he]would bear the burden of proof at trial on the issue in question, is responsible for `producing supportive evidence of significant and probative value' in opposition to the motion for summary judgment." Daniels v. GNB, Inc., 629 So.2d 595, 600 (Miss.1993) (citations omitted). Because Mr. Paepke bore *813 the burden of producing supportive evidence in opposition to the summary judgment motion, he properly presented a medical affidavit which described the requisite standard of care for an emergency room physician, radiologist, and hospital.
¶ 15. Because Mr. Paepke presented expert medical testimony regarding the standard of care and the movants failed to thereafter establish a lack of genuine issue of fact, this Court reverses the grant of summary judgment and remands for jury consideration of the issue.
¶ 16. THE JUDGMENT OF THE LEE COUNTY CIRCUIT COURT IS REVERSED AND REMANDED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, COLEMAN, DIAZ, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR.
NOTES
[1] The standard of care is typically expressed as follows: "that degree of care, skill and diligence practiced by a reasonably careful, skillful, diligent practitioner in a particular field of medicine in the state of Mississippi."