988 So.2d 426 (2008)
Sherry SCALES, Appellant
v.
LACKEY MEMORIAL HOSPITAL, Appellee.
No. 2006-CA-00707-COA.
Court of Appeals of Mississippi.
August 5, 2008.
*428 Michael P. Younger, Brandon, attorney for appellant.
Louis G. Baine, Jan F. Gadow, Jackson, attorneys for appellee.
Before MYERS, P.J., CHANDLER and BARNES, JJ.
*429 BARNES, J., for the Court.
¶ 1. Sherry Scales appeals the decision of the Scott County Circuit Court, which granted summary judgment in favor of Lackey Memorial Hospital (Lackey Memorial). Scales sued Lackey Memorial based on the hospital's alleged negligence in failing to diagnose a heart attack in process and failure to utilize the applicable standard of care in her treatment. On appeal, Scales argues that summary judgment was premature due to the lack of discovery and that additional discovery would have revealed a genuine issue of material fact. Finding no error, we affirm.

FACTS AND PROCEDURAL HISTORY
¶ 2. On April 22, 2003, Scales filed a complaint in the Scott County Circuit Court alleging medical malpractice. The complaint alleged that Scales was admitted to the emergency room at Lackey Memorial suffering from extreme chest pains and that the emergency room staff at the hospital was negligent in failing to diagnose Scales with the onset of a heart attack and failing to utilize proper procedures and treatments for a person suffering from a heart attack.
¶ 3. Lackey Memorial answered on October 23, 2003, and on the same day, it served Scales with a set of interrogatories and requests for production of documents. One of the interrogatories requested that Scales identify any expert she intended to call at trial and the subject matter of the expert's testimony. In response, on November 24, 2003, Scales provided the names of two doctors as potential expert witnesses: Dr. George Reynolds and Dr. Steve Hindman, both of whom were cardiologists who had been involved in Scales's treatment. Scales did not, however, provide the substance of the facts and opinions to which these doctors were expected to testify. According to Lackey Memorial's counsel, there were some later informal requests for additional expert information which went unanswered, following which Lackey Memorial filed a motion for summary judgment on October 18, 2005, on the ground that Scales had failed to come forward with any expert testimony which would establish the requisite elements of her medical malpractice claim.
¶ 4. On February 8, 2006, along with her response to the motion for summary judgment, Scales filed a supplement to her answer to the expert interrogatory, which again listed Dr. Reynolds and Dr. Hindman as treating physicians. The supplement also stated that Dr. Reynolds would testify that Scales suffered a massive heart attack requiring surgery and resulting in total disability. The supplement did not, however, state that either Dr. Reynolds or Dr. Hindman would opine that there had been a breach in the standard of care. The supplemental response also identified, for the first time, Dr. Donald H. Marks and stated that he would testify that Lackey Memorial failed to exercise ordinary skill and care, thereby breaching the standard of care required in treating Scales.[1] *430 The supplemental response was signed only by Scales's attorney, not by Scales herself.
¶ 5. At the hearing on the motion for summary judgment, Scales's attorney stated that, at the beginning of the case, there was a long period of time during which he was not aware who the attorney for the hospital was going to be or whether there was going to be insurance coverage. He argued that summary judgment was premature because Lackey Memorial had not deposed any of the expert witnesses listed in the answers to the interrogatories. In addition, he argued that he had experienced medical problems during the time this case was pending and additional family members had stayed with him because of Hurricane Katrina. He stated that it was still uncertain as to whether Dr. Reynolds would testify that the standard of care was breached, but Dr. Marks would opine that the standard of care was breached. Lackey Memorial argued that it had no obligation to depose those witnesses and that summary judgment was proper due to Scales's failure to produce any sworn testimony from an expert witness.
¶ 6. On April 6, 2006, the trial court granted summary judgment on the ground that Scales had failed to produce expert testimony supporting her claim of medical malpractice. The trial court further found that Scales's unsworn supplemental interrogatory responses were insufficient to create a genuine issue of material fact. The trial court stated that while it was sympathetic to the health and family problems of Scales's counsel, the action had been filed for three years, and Hurricane Katrina had struck in August 2005.
¶ 7. On appeal, Scales argues that the trial court erred in granting summary judgment to Lackey Memorial due the lack of discovery that had been conducted in this case. She contends that Lackey Memorial had only issued one set of interrogatories and had not deposed the witnesses listed in the answers to the interrogatories; therefore, the trial court should have granted a continuance so that additional discovery could be conducted. Scales also argues that a continuance should have been granted on account of the health and personal issues of her counsel.

STANDARD OF REVIEW
¶ 8. When reviewing a trial court's grant of summary judgment, this Court applies a de novo standard of review. Busby v. Mazzeo, 929 So.2d 369, 372(¶ 8) (Miss.Ct.App.2006). Rule 56(c) of the Mississippi Rules of Civil Procedure provides that summary judgment is proper where "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." M.R.C.P. 56(c). When considering a motion for summary judgment, the deciding court must view all evidence in a light most favorable to the nonmoving party. Busby, 929 So.2d at 372(¶ 8). Only when the moving party has met its burden by demonstrating that there are no genuine issues of material fact in existence should *431 summary judgment be granted. Tucker v. Hinds County, 558 So.2d 869, 872 (Miss. 1990).

ANALYSIS
¶ 9. Scales contends that the trial court erred in granting summary judgment to Lackey Memorial when so little discovery had been conducted. According to Scales, the trial court should have granted a continuance so that Lackey Memorial could depose the expert witnesses identified in the interrogatory answers. She relies on the fact that for a period of time after the commencement of her case, it was not known who the attorney for the hospital would be or whether there would be insurance coverage. Scales also relies on her counsel's health and personal problems to support her position.
¶ 10. The law of summary judgment is well settled. Summary judgment will only be granted when there is no genuine issue of material fact to be decided at trial; thus, judgment is granted as a matter of law. Mink v. Andrew Jackson Cas. Ins. Co., 537 So.2d 431, 432-33 (Miss. 1988). To withstand summary judgment, the party opposing the motion must present sufficient proof to establish each element of each claim. Galloway v. Travelers Ins. Co., 515 So.2d 678, 684 (Miss.1987). Specifically, "the plaintiff may not rely solely upon the unsworn allegations in the pleadings or `arguments and assertions in briefs or legal memoranda.'" Palmer v. Biloxi Reg'l Med. Ctr., 564 So.2d 1346, 1356 (Miss.1990) (quoting Magee v. Transcon. Gas Pipe Line Corp., 551 So.2d 182, 186 (Miss.1989)). "[W]hen a party, opposing summary judgment on a claim or defense as to which that party will bear the burden of proof at trial, fails to make a showing sufficient to establish an essential element of the claim or defense, then all other facts are immaterial, and the moving party is entitled to judgment as a matter of law." Galloway, 515 So.2d at 684.
¶ 11. "In a medical malpractice action, negligence cannot be established without medical testimony that the defendants failed to use ordinary skill and care." Smith v. Gilmore Mem'l. Hosp., Inc., 952 So.2d 177, 180(¶ 10) (Miss.2007) (quoting Travis v. Stewart, 680 So.2d 214, 218 (Miss.1996)). "Indeed, in the absence of a recognized exception, `expert testimony is generally required to survive summary judgment.'" Id. (quoting Sheffield v. Goodwin, 740 So.2d 854, 856(¶ 6) (Miss. 1999)). "[I]n order to prevail in a medical malpractice action, a plaintiff must establish, by expert testimony, the standard of acceptable professional practice; that the defendant physician deviated from that standard; and that the deviation from the standard of acceptable professional practice was the proximate cause of the injury of which plaintiff complains." Brown v. Baptist Mem'l Hosp.-DeSoto, Inc., 806 So.2d 1131, 1134(¶ 12) (Miss.2002) (citations omitted).
¶ 12. This Court has addressed this requirement on numerous occasions in the context of summary judgment and has concluded that where the nonmoving party will bear the burden of proof at trial, the moving party may meet its summary judgment burden by exhibiting to the trial court that the nonmoving party has failed to produce the sworn affidavit of a medical expert supporting his or her negligence claim.
¶ 13. In Paepke v. North Mississippi Medical Center, 744 So.2d 809 (Miss.Ct. App.1999), this Court found that the trial court did not err in requiring the plaintiff in a medical malpractice action to present expert medical testimony establishing the standard of care when the defendants had presented no medical testimony to support *432 their motion for summary judgment. Id. at 812-13(¶ 14). We stated:
"The party moving for summary judgment bears the burden of persuading the trial court that no genuine issue of material fact exists, and that they are, based on the existing facts, entitled to judgment as a matter of law. The movant and non-movant bear the burdens of production corresponding to the burdens of proof they would bear at trial. Thus, the movant only bears the burden of production where they would bear the burden of proof at trial. Correspondingly, the non-movant, provided he would bear the burden of proof at trial on the issue in question, is responsible for `producing supportive evidence of significant and probative value' in opposition to the motion for summary judgment." Because Mr. Paepke bore the burden of producing supportive evidence in opposition to the summary judgment motion, he properly presented a medical affidavit which described the requisite standard of care for an emergency room physician, radiologist, and hospital.
Id. (internal citation omitted); see also Palmer, 564 So.2d at 1355 ("The movant bears the burden of production if, at trial, he `would [bear] the burden of proof on th[e] issue' raised.") (citation omitted); Fruchter v. Lynch Oil Co., 522 So.2d 195, 198 (Miss.1988) ("Rule 56 does not cast upon the movant any burden of proof beyond that which he would shoulder at trial.... The movant has the burden of production only where at trial the movant would have the burden of proof.").
¶ 14. In Langley v. Miles, 956 So.2d 970 (Miss.Ct.App.2006), the trial court granted summary judgment to the defendants based on the plaintiff's failure to produce sworn expert medical evidence in response to the motion for summary judgment. Id. at 975(¶ 16). On appeal, the plaintiff argued that because no supporting affidavits were attached to the defendants' motion for summary judgment, the defendants failed to meet their burden of persuasion; therefore, she was not obligated to come forth with any sworn medical evidence. Id. at 976(¶ 18). In rejecting this argument, we stated:
The party moving for summary judgment bears the burden of persuading the trial court that no genuine issue of material fact exists, and that they are, based on the existing facts, entitled to judgment as a matter of law. In this case, the defendants met this burden by pointing out from the existing facts that, because Langley lacked expert medical evidence, there was no genuine issue of material fact and the defendants were entitled to a judgment as a matter of law. Langley had the burden of proof of medical negligence at trial and, to withstand summary judgment, Langley needed to produce evidence of "significant and probative value" tending to show that a genuine issue of material fact existed. This would have required a sworn affidavit of an expert witness attesting to the standard of care and that the defendants' treatment of Langley breached the standard of care. Langley failed to produce any sworn expert medical evidence in response to the defendants' motion. Therefore, the trial court appropriately granted summary judgment on this ground.
Id. at (¶ 19) (internal citations and quotations omitted).
¶ 15. In Griffin v. Pinson, 952 So.2d 963 (Miss.Ct.App.2006), the plaintiff, in response to the defendant's interrogatory requesting the name and qualifications of each expert witness to testify as well as the subject matter of their testimony, responded only that she would "supplement with expert opinions." Id. at 964(¶ 3). *433 The defendant then filed a motion for summary judgment on the ground that the plaintiff "lacked the opinion of a qualified medical expert to support her allegations." The plaintiff filed a response to the motion and attached a supplemental response to the expert testimony interrogatory in which she identified an expert and the matters to which the expert would testify; however, the supplemental response was not sworn by the expert, only by the plaintiff. Id. at (¶ 4). The defendant then filed a motion to strike the response on the ground that it was not supported by affidavits as required by Rule 56(e); the plaintiff filed a supplemental designation of experts in which she identified the same expert, but she again failed to attach an affidavit. She also identified another expert and stated what she expected his testimony to be, but the expert neither swore to the document nor provided an affidavit. Id. at 964-65(¶ 5). In response to the defendant's motion to strike, the plaintiff argued that she had designated an expert prior to the deadline set forth in the scheduling order. Id. at 965(¶ 5). The trial court subsequently granted the defendant's motion to strike and motion for summary judgment. Id. at 965(¶ 6).
¶ 16. On appeal, the plaintiff argued that she created a genuine issue of material fact when she supplemented her response to the defendant's expert witness interrogatory and designated experts pursuant to the scheduling order. Id. at 966(¶ 8). The defendant argued that summary judgment was appropriate because the plaintiff failed to present an affidavit from any of her expert witnesses. Id. at 966-67(¶ 9). This Court found that "in neglecting to provide the affidavit of a medical expert to support her medical malpractice claim, [the plaintiff] failed to comply with Rule 56(e) of the Mississippi Rules of Civil Procedure." Id. at 967(¶ 11) (emphasis added). We stated that the anticipated expert opinion noted by the plaintiff "could not have been based on her personal knowledge," and that the plaintiff had ample time in which to produce an expert affidavit. Id. Accordingly, we affirmed the trial court's grant of summary judgment.
¶ 17. Mississippi law requires a plaintiff in a medical malpractice action to produce sworn expert testimony supporting his or her claim in order to establish a prima facie case of malpractice. Therefore, as we held in Paepke, Langley, and Griffin, a defendant in a medical malpractice action may meet its summary judgment burden by pointing out to the court that the plaintiff has failed to produce sworn expert testimony supporting his or her allegations.
¶ 18. Based on the foregoing authority, we find that the trial court was correct in granting summary judgment to Lackey Memorial. Lackey Memorial met its summary judgment burden by pointing out that Scales had failed to produce any sworn expert testimony establishing the essential elements of her medical malpractice claim. Once Lackey Memorial did so, the burden then shifted to Scales to come forth with sworn expert testimony stating that her physicians breached the applicable standard of care; Scales failed to meet this burden. Her unsworn answers to Lackey Memorial's expert interrogatories were not sufficient to create a genuine issue of material fact. In Walker v. Skiwski, 529 So.2d 184, 187 (Miss.1988), the Mississippi Supreme Court found that listing expert witnesses in interrogatories without providing any sworn testimony of such witnesses was the "fatal deficiency in [the plaintiffs'] opposition to summary judgment." Id. The court then stated:
If the Walkers had supplied the Circuit Court with an affidavit from even one of *434 these five experts which, after the proper predicate, articulated the content of the standard of care and offered an opinion that in the performance of the circumcision on young Walker, Skiwski deviated from that standard of care and that this deviation caused in whole or in part young Walker's injuries, the Circuit Court would have been bound to deny the motion for summary judgment. Instead, however, Herman J. Walker furnishes his own sworn statement that this is what his expert witnesses would say. But such is pure hearsay and Rule 56(e) declares such to be incompetent in support of  or in opposition to  summary judgment.
Id. Here, in response to Lackey Memorial's summary judgment motion, Scales merely provided a supplemental answer to the expert interrogatory that stated Dr. Marks would testify that the standard of care was breached. She failed to supply any type of sworn testimony from Dr. Marks. Moreover, the interrogatories were not sworn to by Scales, but only signed by her attorney. Therefore, as in Walker, the information provided in the supplemental answer was "pure hearsay and Rule 56(e) declares such to be incompetent in support of  or in opposition to  summary judgment." Id.; see also Palmer, 564 So.2d at 1356 ("`To have power to generate a genuine issue of material fact,' the `affidavit or otherwise' (e.g., depositions and answers to interrogatories) must: (1) be sworn; (2) be made upon personal knowledge; and (3) show that the party providing the factual evidence is competent to testify.") (citation omitted). We find that the trial court was correct in concluding that Scales had failed to meet her burden of creating a genuine issue of material fact and in granting summary judgment in favor of Lackey Memorial.
¶ 19. Scales contends that the trial court should have granted a continuance pursuant to Mississippi Rule of Civil Procedure 56(f) in order to allow for further discovery.[2] Rule 56(f) states as follows:
Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such order as is just.
M.R.C.P. 56(f). "A trial court has sound discretion to grant or deny a continuance under Rule 56(f)." Stallworth v. Sanford, 921 So.2d 340, 342-43(¶ 9) (Miss.2006) (citing Owens v. Thomae, 759 So.2d 1117, 1120(¶ 10) (Miss.1999)). "This Court will only reverse a trial court where its decision can be characterized as an abuse of discretion." Id. at 343(¶ 9) (citation omitted). When a party makes a Rule 56(f) motion, he or she "must present specific facts why he cannot oppose the motion and must specifically demonstrate `how postponement of a ruling on the motion will enable him, by discovery or other means, [to] rebut the movant's showing of the absence of a genuine issue of fact.'" Owens, 759 So.2d at 1120(¶ 12) (citation omitted).
¶ 20. We note initially that there is no indication from the record that Scales ever made a motion pursuant to Rule 56(f); rather, she waited until the day of the *435 hearing to request a continuance from the trial court.[3] In any event, we find no abuse of discretion in the trial court's refusal to allow additional time for discovery. Almost three years elapsed between the time Scales filed her complaint and the time the hearing was held on Lackey Memorial's motion for summary judgment, and two years elapsed from the time Lackey Memorial served its interrogatories and requests for production of documents until the hospital filed its motion for summary judgment. Therefore, Scales had ample time in which to produce sworn expert testimony supporting her malpractice allegations. Moreover, four months elapsed between the time the summary judgment motion was filed and the time the hearing on the motion was held, and pursuant to Mississippi Rule of Civil Procedure 56(c), Scales could have produced supporting affidavits at any time up until the day before the hearing.
¶ 21. Further, in seeking a continuance for further discovery, Scales did not allude to any additional discovery to be conducted on her part, nor did she indicate that information needed to oppose the motion for summary judgment was in Lackey Memorial's possession. See Marx v. Truck Renting & Leasing Ass'n., 520 So.2d 1333, 1343-44 (Miss.1987) (stating that completion of discovery is preferable "especially ... where the party seeking to invoke the protections of Rule 56(f) claims the necessary information rests within the possession of the party seeking summary judgment" and that "Rule 56(f) is not designed to protect the litigants who are lazy or dilatory and normally the party invoking Rule 56(f) must show what steps have been taken to obtain access to the information allegedly within the exclusive possession of the other party") (citation omitted). Rather, Scales relied on the fact that after she listed her treating physicians in the answer to the expert interrogatory, Lackey Memorial never noticed any depositions for those physicians prior to filing the motion for summary judgment although offers were extended for the depositions to be taken. Scales, however, cites no authority supporting the proposition that Lackey Memorial was under any obligation to depose the physicians, especially given that Lackey Memorial was not provided with any sworn material attesting to what the physicians would testify.[4] Moreover, it is not the responsibility of a defendant to help the plaintiff establish the elements of his or her prima facie case or create a genuine issue of material fact. Scales also argues that she furnished her own sworn affidavit, as well as the affidavits of her mother and brother, recounting the events of the night of her heart attack; however, as neither Scales nor her mother or brother qualified as medical experts, their testimony did not serve to create a genuine issue of material fact in response to Lackey Memorial's motion for summary judgment.
¶ 22. Scales relies on the fact that for several months after the complaint was filed, it was uncertain who the attorney for Lackey Memorial was and whether there *436 was going to be insurance coverage. She also relies on the health and family problems her attorney experienced during the time this case was pending. We, however, can discern no abuse of discretion in the trial court's failure to grant Scales a continuance based on these circumstances. Like the trial court, we are sympathetic to the attorney's plight. Nevertheless, given that approximately three years elapsed from the time Scales filed her complaint and the time summary judgment was granted to Lackey Memorial, we cannot say that the trial court abused its discretion in finding that the attorney's personal and health problems were not sufficient to warrant a continuance for additional discovery.
¶ 23. Scales's attorney stated at oral argument that he underwent five surgeries in thirteen months during 2004 and 2005. However, this accounts for only approximately one third of the time between filing of the complaint and the grant of summary judgment. Moreover, as for the attorney's family problems associated with Hurricane Katrina, the trial court noted that the hurricane occurred on August 28, 2005, more than two years after Scales filed her complaint. Finally, the identity of the attorney for the hospital had no bearing on the requirement that Scales support her claim with expert testimony. As the Mississippi Supreme Court has stated, a plaintiff in a medical malpractice action knows "from the very moment the suit [is] filed ... that an expert witness [will] be needed to survive summary judgment." Brooks v. Roberts, 882 So.2d 229, 232(¶ 10) (Miss.2004). In this case, Scales knew from the time she filed her complaint that expert testimony would be necessary to withstand a summary judgment by Lackey Memorial, and we find no abuse of discretion in the trial court's refusal to allow additional time for discovery prior to ruling on Lackey Memorial's motion for summary judgment. Accordingly, we affirm the trial court's grant of summary judgment in favor of Lackey Memorial.
¶ 24. THE JUDGMENT OF THE CIRCUIT COURT OF SCOTT COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] The supplement stated that Dr. Marks, based on his examination of Scales's medical records and the affidavits of her mother and brother, had formulated the following opinion:

Specifically, when Ms. Scales came to the Defendant facility and was given nitroglycerin which eased her pain, the hospital deviated from the standard of care at that time in not administering clot busting medications and further deviated from the standard of care in not transporting Ms. Scales immediately to the nearest cardiac unit. The affidavits submitted above referenced to Dr. Marks indicated that the Plaintiff was given nitroglycerin by the Defendant's staff and her heart pain ceased for a period of time and then came back only to be alleviated again by taking the medication. Dr. Marks would testify that the standard of care was breached after the second dose of nitroglycerin was given and the standard of care would have mandated that the Plaintiff be given immediate clot busting medication as well as a morphine drip and further that the hospital deviated from the standard of care in not transporting Ms. Scales immediately to a cardiac unit.
Dr. Marks will testify that the Defendant breached the standard of care by not recognizing the symptoms of the Plaintiff's condition and that the Defendant failed to take obvious symptoms of the onset of a heart attack.
[2] We note that there is no indication from the record that a scheduling order was ever issued in this case; therefore, presumably, the parties were operating under Rule 4.04(A) of the Uniform Rules of Circuit and County Court, which states that "[a]ll discovery must be completed within ninety days from service of an answer by the applicable defendant."
[3] We also note that Rule 56(f) requires that a party file an affidavit in support of his or her motion for a continuance, which Scales did not do in this case. M.R.C.P. 56(f). However, the Mississippi Supreme Court has held that the failure to file an affidavit is not fatal to the motion if "the court conclude[s] that the party opposing summary judgment had been diligent and ha[s] acted in good faith." Owens, 759 So.2d at 1121-22.
[4] The trial court found that there was "nothing on the face of Plaintiff's pleading to infer negligence from Doctors Hindman and Reynolds, and in this regard the Court finds Defendant had no duty to depose either of those physicians."