# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CA-00623-COA

KEJUAN JOHNSON                                                APPELLANT

v.

SOUTH CENTRAL REGIONAL MEDICAL                               APPELLEE
CENTER

| | |
|---|---|
| DATE OF JUDGMENT: | 03/31/2023 |
| TRIAL JUDGE: | HON. DAL WILLIAMSON |
| COURT FROM WHICH APPEALED: | JONES COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | ALTON EARL PETERSON |
| ATTORNEYS FOR APPELLEE: | RICHARD O. BURSON |
| | PEELER GRAYSON LACEY JR. |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| DISPOSITION: | AFFIRMED - 08/05/2025 |
| MOTION FOR REHEARING FILED: | |

**BEFORE WILSON, P.J., McDONALD AND WEDDLE, JJ.**

**WILSON, P.J., FOR THE COURT:**

¶1.    Kejuan Johnson sued South Central Regional Medical Center (SCRMC) for medical malpractice.  Over three years later, SCRMC moved for summary judgment on the ground that Johnson had not designated an expert witness to testify that SCRMC's alleged negligence proximately caused his alleged injuries.  Johnson did not file a response to SCRMC's motion but instead requested a continuance pursuant to Mississippi Rule of Civil Procedure 56(f), stating that he needed additional time to obtain an affidavit from his treating physician or take her deposition.  Following a hearing, the circuit court denied Johnson's Rule 56(f) motion and granted SCRMC's summary judgment motion.  On appeal, Johnson

argues that the court abused its discretion by denying his motion and erred by granting summary judgment. We find no abuse of discretion or error and affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. On April 15, 2018, Kejuan Johnson went to the SCRMC emergency room in Laurel complaining of nausea and regurgitation. Sara Keele, a registered nurse at SCRMC, collected arterial blood samples from Johnson's left arm for routine lab work and applied a band-aid. Almost immediately, the puncture site became swollen and continued to hemorrhage. The hemorrhage required Johnson to stay overnight in the ICU and an additional night in a standard hospital room. He was discharged on April 17.

¶3. About six weeks later, Johnson went to Neurology Associates in Hattiesburg complaining of pain, numbness, and weakness in his left arm. Dr. Kathleen Messenger ordered a nerve conduction study ("NCS") and an electromyography ("EMG"). She found no "acute or chronic denervation in [Johnson's] left forearm despite [his] soft tissue injury of April 15, 2018[,] suggesting recovery [was] underway." She determined Johnson's "[p]rognosis for return to pre-morbid baseline [was] excellent based on the results of [the NCS/EMG]." She stated the results of the NCS/EMG were "consistent with" "[m]ild carpal tunnel syndrome on the left" and "[v]ery mild ulnar neuropathy across both elbows without associated EMG changes." She found "[n]o evidence of a cervical radiculopathy."

¶4. In October 2019, Johnson sued SCRMC for medical malpractice pursuant to the Mississippi Tort Claims Act (MTCA).[1] He alleged that SCRMC was "negligent in failing

---

[1] The complaint also named Keele as a defendant, but she was later dismissed because there was no dispute that she was acting within the course and scope of her employment.

to follow proper protocol and procedure when collecting [his] blood samples" and that SCRMC's negligence "directly and proximately" caused his nerve damage. SCRMC answered the complaint, and the parties began discovery.

¶5. In August 2022, the court entered an agreed scheduling order that set deadlines for expert designations, discovery, and motions. The order required Johnson to designate his expert witnesses by October 14, 2022, and required SCRMC to designate its expert witnesses by November 14, 2022. The deadline for completing all discovery was January 13, 2023. The deadline for filing "[a]ll dispositive, *Daubert*-type,[2] and other pretrial motions other than motions in limine" was February 3, 2023. A hearing on all such motions was set for February 27, 2023. Trial was set for April 3-6, 2023.

¶6. On October 24, 2022, Johnson designated "any and all treating physicians" from various medical clinics, including Neurology Associates, as expert witnesses. Johnson did not designate Dr. Messenger or any other treating physician by name, nor did he disclose the substance of any specific opinions any treating physician would offer. Johnson also designated Dr. Robert A. Bassett as an expert witness. Johnson stated that Dr. Bassett was

*See* Miss. Code Ann. § 11-46-7(2) (Rev. 2019) ("[N]o employee shall be held personally liable for acts or omissions occurring within the course and scope of the employee's duties."); *Wilcher v. Lincoln Cnty. Bd. of Supervisors*, 243 So. 3d 177, 186 (¶25) (Miss. 2018) ("Under [the MTCA], if an employee was acting within the scope of his employment, then he cannot be individually sued. Instead, the plaintiff must sue the government employer . . . .").

2 *See Miss. Transp. Comm'n v. McLemore*, 863 So. 2d 31, 35 (¶5) (Miss. 2003) (adopting the rule stated in *Daubert v. Merrell Dow Pharms. Inc.*, 509 U.S. 579 (1993), as modified in *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), for the admissibility of expert witness testimony).

expected to testify that Keele deviated from the standard of care by failing to apply and maintain direct pressure to the arterial puncture site for at least five minutes following the blood draw. Dr. Bassett was not designated to testify regarding the issue of causation.

¶7. On December 21, 2022, SCRMC designated Dr. Lennon Bowen IV as an expert witness. SCRMC stated that Dr. Bowen was expected to testify that Keele and other SCRMC staff met or exceeded the minimum standard of care at all times and that Johnson did not sustain any damage or nerve injury as a result of his treatment at SCRMC.

¶8. On January 5, 2023, SCRMC filed a motion for summary judgment, arguing that Johnson had not produced expert medical testimony to support each element of his malpractice claim. Specifically, SCRMC argued that Johnson failed to designate an expert who would testify that SCRMC's alleged negligence caused any injuries or damages to Johnson. SCRMC submitted an affidavit from Dr. Bowen in support of its motion.

¶9. On February 6, 2023, Johnson filed a motion for a continuance pursuant to Mississippi Rule of Civil Procedure 56(f), stating that he needed "additional time to acquire affidavits [from or take] depositions of [his] treating physicians." Johnson stated that he "originally intended to take trial depositions of [his] treating physicians prior to . . . trial" but now recognized that he needed "to take said depositions" to respond to SCRMC's summary judgment motion. Johnson's counsel submitted an affidavit stating specifically that he needed to take Dr. Messenger's deposition to respond to SCRMC's motion and that he was "in the process of scheduling the same."

¶10. The next day, SCRMC filed a response, arguing that Johnson had failed to even

designate an expert witness whose testimony could establish the element of causation. In addition, SCRMC argued that Johnson had been afforded "ample time to develop the necessary expert testimony to support his claim, but he ha[d] failed to do so."

¶11. On February 27, 2023, the court held a hearing on Johnson's motion for a continuance and SCRMC's summary judgment motion. During the hearing, SCRMC's attorney noted that although Johnson had known since January 5 that SCRMC's motion for summary judgment was based on his failure to designate a causation expert, Johnson had still failed to obtain an affidavit from Dr. Messenger or attempt to take her deposition. On March 1, 2023, Johnson filed a supplemental letter brief in support of his Rule 56(f) motion, to which SCRMC responded the following day.

¶12. On March 31, 2023, the circuit court entered an order denying Johnson's Rule 56(f) motion and a separate order granting SCRMC's motion for summary judgment. In its order denying Johnson's Rule 56(f) motion, the court found as follows:

> "Rule 56(f) works as a safety valve when a nonmovant is unable to respond to summary judgment motions *due to delays in discovery not fully within their control*." *Phillips* [*v. Delta Reg'l Med. Ctr.*], 290 So. 3d [386,] 391 [(Miss. Ct. App. 2020)] (emphasis added). "Conversely, Rule 56(f) does not protect dilatory litigants." *Id.*
>
> Upon review, the Court finds that the Plaintiff's Motion should be denied. Nowhere in his Motion or in his subsequent letter to the Court does the Plaintiff set forth any "specific facts why" he has been unable to depose or obtain an affidavit from Dr. Messenger. *Rainer* [*v. River Oaks Hosp. LLC*], 282 So. 3d [751,] 757 [(Miss. Ct. App. 2019)]. Nor does the Plaintiff even argue that his inability to confer with Dr. Messenger was "due to delays in discovery not fully within [his] control." *Phillips*, 290 So. 3d at 391. At best, the only justification offered for the Plaintiff's failure to depose Dr. Messenger occurred at the hearing on the Motion herein, wherein counsel for the Plaintiff stated that "a scheduling conflict" prevented him from deposing Dr.

5

Messenger. Standing alone, this sole reason offered by the Plaintiff does not meet the minimum threshold requirements of Rule 56(f). The Court finds that the Plaintiff had ample time between the filing of [his] Complaint in October of 2019 and the scheduled hearing on the Defendants' Motion for Summary Judgment in February of 2023 to either depose Dr. Messenger or obtain an affidavit from Dr. Messenger.

The court then discussed relevant caselaw—including this Court's decisions in *Rainer* and *Scales v. Lackey Memorial Hosp.*, 988 So. 2d 426 (Miss. Ct. App. 2008)—and concluded its analysis as follows:

> In the instant case, over three (3) years have passed between the time the Plaintiff filed his Complaint and the time at which the Defendants' Motion for Summary Judgment was scheduled to be heard. In the course of those three (3) years, the Plaintiff has engaged in discovery and, in agreement with the Defendants, entered a Scheduling Order setting various deadlines. The Court finds that the Plaintiff has had more than ample time to depose Dr. Messenger. And, as set forth above, the Court finds that the [Plaintiff] has failed to set forth any valid reason for his failure to depose or obtain an affidavit from Dr. Messenger. As such, the Court finds that the Plaintiff is not entitled to the "safety valve" offered to litigants under Rule 56(f) of the Mississippi Rules of Civil Procedure. *Phillips*, 290 So. 3d at 391.

¶13. The circuit court's separate order addressing SCRMC's summary judgment motion explained that Johnson had failed to come forward with any medical expert testimony to establish the essential element of causation. Accordingly, the court granted SCRMC's motion and dismissed the case with prejudice. Johnson filed a notice of appeal.

**ANALYSIS**

I. **Rule 56(f)**

¶14. On appeal, Johnson first argues that the circuit court abused its discretion by denying his motion for additional time pursuant to Rule 56(f) to obtain an affidavit from Dr. Messenger or take her deposition. "As this Court has recognized, 'a trial court has sound

6

discretion to grant or deny a continuance under Rule 56(f). This Court will only reverse a trial court where its decision can be characterized as an abuse of discretion.'" *Rainer*, 282 So. 3d at 757 (¶20) (brackets omitted) (quoting *Scales*, 988 So. 2d at 434 (¶19)).

¶15. Mississippi Rule of Civil Procedure 56(f) states:

> Should it appear from the affidavits of a party opposing [a motion for summary judgment] that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such order as is just.

¶16. Rule 56(f) grants the trial court "discretion to grant a continuance before deciding a motion for summary judgment." *Bray v. Wooten*, 247 So. 3d 1283, 1287 (¶23) (Miss. Ct. App. 2017). As the Supreme Court has explained, "the rule . . . contemplates that the completion of discovery is, in some instances, desirable before the court can determine whether there is a genuine issue of material fact." *Owens v. Thomae*, 759 So. 2d 1117, 1120 (¶11) (Miss. 1999) (brackets omitted). However, "vague assertions that further discovery will produce needed information" will not justify a continuance. *Frye v. S. Farm Bureau Cas. Ins. Co.*, 915 So. 2d 486, 491 (¶14) (Miss. Ct. App. 2005). Instead, a party moving for a continuance under Rule 56(f) "must present specific facts why he cannot oppose the motion and must specifically demonstrate how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Rainer*, 282 So. 3d at 757 (¶20) (quoting *Scales*, 988 So. 2d at 434 (¶19)). Additional time should not be granted to a party who has not been "diligent." *Vicksburg Healthcare LLC v. Dees*, 152 So. 3d 1171, 1175 (¶¶13-14) (Miss. 2014). "Rule 56(f) does

not protect dilatory litigants." *Phillips*, 290 So. 3d at 391 (¶18).

¶17.    In *Scales*, this Court emphasized that nearly three years had passed between the filing of the plaintiff's medical malpractice complaint and the hearing on the defendant's motion for summary judgment. *Scales*, 988 So. 2d at 435 (¶20). Thus, we reasoned that the plaintiff "had ample time in which to produce sworn expert testimony supporting her malpractice allegations." *Id.* Moreover, under Rule 56(c), she "could have produced supporting affidavits at any time up until the day before the hearing." *Id.* We further reasoned that it was insufficient for the plaintiff to simply "list[] her treating physicians in the answer to the [defendant's] expert interrogatory." *Id.* at (¶21). Rather, she was required to come forward with sworn affidavits or testimony to support her claim. *Id.* This Court concluded that the plaintiff "knew from the time she filed her complaint that expert testimony would be necessary to withstand a summary judgment [motion], and we [found] no abuse of discretion in the trial court's refusal to allow additional time for discovery prior to ruling on [the defendant's] motion for summary judgment." *Id.* at 436 (¶23). Therefore, we affirmed the trial court's denial of the plaintiff's Rule 56(f) motion for a continuance and the grant of summary judgment in favor of the defendant. *Id.*

¶18.    Similarly, in *Rainer*, over three years passed between the filing of the plaintiff's medical malpractice complaint and the hearing on the defendant's summary judgment motion. *Rainer*, 282 So. 3d at 757 (¶23). The day before the summary judgment hearing, the plaintiff submitted an unsworn expert designation providing a summary of the opinions of her treating physician, but she failed to submit a sworn expert affidavit. *Id.* at 754, 756-58

8

(¶¶8, 17-18, 23-24, 27). This Court concluded that the plaintiff "failed to present any reason that justified a Rule 56(f) continuance." *Id.* at 758 (¶27). This point was especially true because the expert whose affidavit she had requested more time to obtain was her own "treating physician." *Id.* We concluded that just as in *Scales*, the plaintiff "knew from the time she filed her complaint that expert testimony would be necessary to withstand a [motion for] summary judgment." *Id.* (quotation marks omitted). Therefore, there was no excuse for her failure to produce such testimony more than three years later. Accordingly, we held "that the trial court was well within its discretion in denying [the plaintiff] additional time to obtain [her treating physician's] affidavit before ruling on [the defendant's] motion for summary judgment." *Id.*

¶19. This case is similar to *Scales* and *Rainer*. SCRMC filed its motion for summary judgment only a week before the discovery deadline, by which time the case had already been pending for well over three years. Thirty-two days later, instead of responding to SCRMC's motion for summary judgment, Johnson asked for more time to obtain an affidavit from or depose one of his own treating physicians. As in *Scales* and *Rainer*, Johnson "knew from the time [he] filed [his] complaint that expert testimony would be necessary to withstand a [motion for] summary judgment." *Id.* (quotation marks omitted). Johnson stated in his motion for a continuance that he needed more time to obtain an affidavit from Dr. Messenger or take her deposition. However, as the trial court noted in its order, Johnson failed to "present specific facts [to explain] why" he could not have obtained an affidavit already. *Id.* at 757 (¶20) (quoting *Scales*, 988 So. 2d at 434 (¶19)). As in *Rainer*, this point is especially

9

true given that Dr. Messenger was Johnson's own treating physician. In its order, the trial court considered all the relevant facts and circumstances and found that Johnson "had more than ample time to depose Dr. Messenger" and had "failed to set forth any valid reason for his failure to depose or obtain an affidavit from Dr. Messenger." We cannot say that the trial court abused its discretion in making those findings or in denying Johnson's motion for a continuance. *See Rainer*, 282 So. 3d at 757 (¶20) ("This Court will only reverse a trial court where its decision [denying a continuance under Rule 56(f)] can be characterized as an abuse of discretion." (quoting *Scales*, 988 So. 2d at 434 (¶19)).

## II.    Summary Judgment

¶20.    Johnson also argues the circuit court erred by granting SCRMC's motion for summary judgment because SCRMC failed to show that it was entitled to judgment as a matter of law. In response, SCRMC contends that Johnson waived this argument by failing to make the argument in the circuit court. Indeed, Johnson failed to respond to SCRMC's summary judgment motion.

¶21.    However, a party that moves for summary judgment is "not necessarily . . . entitled to summary judgment by default where the nonmoving party files no response. . . . [E]ven in the absence of a response the court may enter judgment only 'if appropriate,' i.e., if no genuine issue of material fact exists." *Price v. Purdue Pharma Co.*, 920 So. 2d 479, 485 (¶16) (Miss. 2006). Even when no response is filed, the court should review the motion and any affidavits or other supporting evidence to determine whether they show that no material facts are in dispute and that the movant is entitled to judgment as a matter of law. *See*

10

*Anderson v. Wiggins*, 331 So. 3d 1, 5-6 (¶¶10-13) (Miss. 2020).

¶22. We review an order granting summary judgment de novo, viewing the evidence in the light most favorable to the non-moving party. *Maness v. K & A Enters. of Miss. LLC*, 250 So. 3d 402, 409 (¶16) (Miss. 2018). Summary judgment "shall" be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." M.R.C.P. 56(c). In responding to a motion for summary judgment, the non-moving party "may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." M.R.C.P. 56(e). The nonmoving party must therefore come forward with "significant probative evidence showing that there are indeed genuine issues for trial." *Price*, 920 So. 2d at 485 (¶16) (quoting *McMichael v. Nu-Way Steel & Supply Inc.*, 563 So. 2d 1371, 1375 (Miss. 1990)). "Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Mixon v. Berry*, 351 So. 3d 983, 987 (¶8) (Miss. Ct. App. 2022) (brackets and ellipsis omitted).

¶23. "To establish a prima facie case of medical malpractice under Mississippi law, a plaintiff must prove by a preponderance of the evidence (1) the applicable standard of care; (2) a failure to conform to the required standard; and (3) an injury proximately caused by a defendant's noncompliance with the standard." *Norman v. Anderson Reg'l Med. Ctr.*, 262

11

So. 3d 520, 523 (¶12) (Miss. 2019). "As a rule, the plaintiff must demonstrate each of these elements through medical-expert testimony, and the expert must articulate and identify the standard of care that was breached *and establish that the breach was the proximate cause or the proximate contributing cause of the alleged injuries*." *Id.* (emphasis added). Thus, the "defendant in a medical malpractice action may meet its summary judgment burden by pointing out to the court that the plaintiff has failed to produce sworn expert testimony supporting his or her allegations." *Rainer*, 282 So. 3d at 755 (¶16) (quoting *Scales*, 988 So. 2d at 433 (¶17)). "Without expert testimony establishing a prima facie case of medical negligence, no genuine issue of material fact exists, and the plaintiff cannot meet his burden of proof in opposing the summary-judgment motion." *Mixon*, 351 So. 3d at 988 (¶9) (citation, brackets, and quotation marks omitted). "Therefore, when a plaintiff fails to provide expert testimony establishing a prima facie case of medical malpractice, generally, a grant of summary judgment is required." *Id.* (quotation marks omitted).

¶24. SCRMC moved for summary judgment based on Johnson's failure to identify an expert to testify that Keele's alleged breach of the standard of care proximately caused Johnson's injuries. SCRMC thus met its initial summary judgment burden by "pointing out to the court" that Johnson had failed to meet his burden of supporting the essential elements of his claim with expert testimony. *Rainer*, 282 So. 3d at 755 (¶16) (quoting *Scales*, 988 So. 2d at 433 (¶17)). "[T]he burden then shifted to [Johnson] to come forth with sworn expert testimony" that the alleged breach of the standard of care proximately caused his injuries. *Id.* (quoting *Scales*, 988 So. 2d at 433 (¶18)).

¶25. As the circuit court stated, Johnson failed to respond to SCRMC's motion with any sworn expert testimony or affidavit showing that Keele's alleged breach of care proximately caused any injury to him. Nonetheless, Johnson argues that SCRMC's motion was defective because Dr. Bowen's affidavit only stated that Johnson did not sustain any "nerve injury" during his treatment at SCRMC. Johnson argues that Dr. Bowen's affidavit failed to address his "remaining alleged injuries to his left arm and mental and emotional pain." This argument fails for multiple reasons. To begin with, the argument is simply incorrect. Dr. Bowen's affidavit states that "to a reasonable degree of medical certainty, . . . no alleged deviations in the standard of care played any role in *any alleged injuries or damages claimed by Mr. Johnson*." (Emphasis added). Thus, Dr. Bowen's affidavit and SCRMC's motion clearly cover *all* alleged injuries and damages claimed. Moreover, it is not clear that Johnson's complaint even *alleges* any injuries that are independent and not derivative of his alleged nerve injury. Finally, to the extent that Johnson's complaint even alleges some other injury, Johnson failed to present any *evidence* to support such an allegation. As stated above, the non-moving party "may not rest upon the mere allegations or denials of his pleadings." M.R.C.P. 56(e). Rather, he must come forward with "specific facts showing that there is a genuine issue for trial." *Id.* Because Johnson failed to respond with such facts, the circuit court did not err by granting SCRMC's motion for summary judgment.[3]

---

[3] In his appellate brief, Johnson also argues that a note in Dr. Messenger's records, which he submitted to the circuit court as an exhibit to his supplemental letter brief in support of his Rule 56(f) motion, supports his allegation that he sustained a "nerve injury." In fact, Dr. Messenger's records mention a "soft tissue injury" rather than a "nerve injury." Expert testimony would be necessary to explain the meaning and significance of this statement. Moreover, Dr. Messenger's records do not state that the injury was caused by any

13

**CONCLUSION**

¶26.    The circuit court did not abuse its discretion by denying Johnson's Rule 56(f) motion

for a continuance and did not err by granting SCRMC's motion for summary judgment.

¶27.    **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, EMFINGER, WEDDLE AND LASSITTER ST. PÉ, JJ., CONCUR.**

---

alleged breach of care by SCRMC.  As this Court has stated, "medical records are an insufficient substitute for an expert opinion on causation." *Cates v. Woods*, 169 So. 3d 902, 909 (¶20) (Miss. Ct. App. 2014).