# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2017-IA-00826-SCT

*MISSISSIPPI BAPTIST MEDICAL CENTER, INC.,
PREMIER MEDICAL GROUP OF MISSISSIPPI,
LLC, MISSISSIPPI SPORTS MEDICINE AND
ORTHOPEDIC CENTER, PLLC, JEFFERY K.
LEDUFF, M.D. AND JEFF ALMAND, M.D.*

*v.*

*JANICE PHELPS*


| | |
|---|---|
| DATE OF JUDGMENT: | 05/25/2017 |
| TRIAL JUDGE: | HON. WINSTON L. KIDD |
| TRIAL COURT ATTORNEYS: | ALTON LAMAR WATTS |
| | D. COLLIER GRAHAM, JR. |
| | MILDRED M. MORRIS |
| | TIMOTHY LEE SENSING |
| | STEPHEN P. KRUGER |
| | THURMAN LAVELLE BOYKIN, III |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | GAYE NELL LOTT CURRIE |
| | D. COLLIER GRAHAM, JR. |
| | MILDRED M. MORRIS |
| | TIMOTHY LEE SENSING |
| | STEPHEN P. KRUGER |
| ATTORNEY FOR APPELLEE: | ALTON LAMAR WATTS |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| DISPOSITION: | REVERSED AND RENDERED - 10/11/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE RANDOLPH, P.J., KING AND BEAM, JJ.**

**BEAM, JUSTICE, FOR THE COURT:**

¶1.     This medical-malpractice suit comes before the Court on Defendants' interlocutory

appeal from the Hinds County Circuit Court's order denying Defendants' motions for

summary judgment. Finding that the plaintiff, Janice Phelps, failed to support her medical-malpractice claims with sworn expert testimony on whether Defendants breached any applicable standard of care owed to Phelps, we reverse the trial court's denial of summary judgment and render judgment in favor of Defendants.

## FACTS AND PROCEDURAL HISTORY

¶2.　On May 2, 2013, Dr. Jeff Almand performed a left-knee arthroscopy on Phelps at Mississippi Baptist Medical Center ("MBMC"). Shortly after surgery, Phelps experienced shortness of breath, and Dr. Jeffrey LeDuff ordered a chest x-ray and placed her on oxygen. Dr. LeDuff subsequently discharged her on May 4, 2013. Two days later, Phelps's shortening of breath worsened, and she went to the emergency room at Southwest Mississippi Regional Medical Center ("SMRMC"). There, she was diagnosed with pneumonia. After being placed on a ventilator, she exhibited signs of a stroke. On May 24, 2013, SMRMC discharged Phelps with a diagnosis of Cebrovascular Accident and Ventilator Dependence and transferred her to Baton Rouge Rehabilitation Hospital.

¶3.　On April 30, 2015, Phelps filed suit against MBMC, Drs. Almand and LeDuff and others (collectively, "Defendants") alleging medical malpractice arising out of her care and treatment at MBMC. After Defendants answered Phelps's complaint by denying the allegations, they served her with written discovery requests. Fourteen months later, when Defendants filed motions for summary judgment, Phelps answered the discovery, providing the name of her expert witness and a brief description of his expected testimony. The day before the hearing on the motions, Phelps responded to Defendants' motions for summary

judgment, again providing only the name of her expert witness and a brief description of his expected testimony.

¶4. On May 25, 2017, Judge Kidd entered an order, without opinion, denying Defendants' motions for summary judgment. Defendants thereafter petitioned this Court for interlocutory appeal, claiming that the trial court erred in denying their motion for summary judgment and in providing Phelps additional time to provide her medical-expert affidavit without a specific request. Although Defendants raised these two issues on appeal, we find the second issue moot because, even with the extension of time, Phelps never submitted a medical-expert affidavit. Therefore, the sole issue on appeal is whether the court erred in failing to grant summary judgment in favor of Defendants despite Phelps's failure to provide any sworn expert testimony to support her medical-malpractice claim.

## LAW AND ANALYSIS

### I. Standard of Review

¶5. A trial court's grant or denial of summary judgment is reviewed de novo. ***Leffler v. Sharp***, 891 So. 2d 152, 156 (Miss. 2004). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact[.]" Miss. R. Civ. P. 56(c). "When a motion for summary judgment is made and supported as provided in Rule 56, 'an adverse party may not rest upon the mere allegations or denials of [the] pleadings[; rather, the] response must set forth specific facts showing that there is a genuine issue for trial.'" ***Allen v. Jackson Square Apartment Homes, LLC***, 231 So. 3d 251, 256 (Miss. Ct.

App. 2017) (quoting *Karpinsky v. Am. Nat'l Ins.*, 109 So. 3d 84, 88 (Miss. 2013)). All evidence will be viewed in the light most favorable to the nonmoving party. *Estate of Northrop v. Hutto*, 9 So. 3d 381, 384 (Miss. 2009) (citations omitted). If no genuine issue of material fact exists to be resolved, "then the moving party is entitled to judgment as a matter of law." *Neely v. N. Miss. Med. Ctr., Inc.*, 996 So. 2d 726, 728-29 (Miss. 2008) (quoting *Heigle v. Heigle*, 771 So. 2d 341, 345 (Miss. 2000)).

II. **Whether the Circuit Court erred in failing to grant summary judgment in favor of Defendants when Phelps failed to provide any sworn expert testimony.**

¶6. We consistently have held in cases involving claims of medical malpractice that the plaintiff must prove the following elements in order to establish a prima facie case: (1) a duty existed requiring the defendant to conform to a specific standard of conduct for the protection of others against an unreasonable risk of injury; (2) a failure to conform to the required standard occurred; and (3) such breach of duty by the defendant proximately caused an injury to the plaintiff. *Crosthwait v. S. Health Corp. of Houston, Inc.*, 94 So. 3d 1070, 1073 (Miss. 2012) (citations omitted).

¶7. Expert testimony is essential in medical malpractice cases "because the expert testimony demonstrates how the required standard of care was disregarded, and the testimony certifies that the defendant's 'failure was the proximate cause, or proximate contributing cause' of the injury." *Vicksburg Healthcare LLC v. Dees*, 152 So. 3d 1171, 1174 (quoting *Crosthwait*, 94 So. 3d at 1073). When a plaintiff fails to provide expert testimony establishing a prima facie case of medical malpractice, generally, a grant of summary

4

judgment is required. ***Kuiper v. Tarnabine***, 20 So. 3d 658, 661 (Miss. 2009) (citing ***Hutto***, 9 So. 3d at 384).

¶8.     In ***Kuiper***, 20 So. 3d at 658, we held that because the plaintiffs failed to provide any expert evidence by affidavit or otherwise, summary judgment properly had been granted in favor of the defendants.

¶9.     Likewise, in ***Adrabbo v. Johnson***, 220 So. 3d 952 (Miss. 2017), we reversed the trial court's denial of the defendants' motion for summary judgment because the plaintiff had failed to provide expert testimony to rebut the motion, despite having ample time to engage in discovery.

¶10.    In ***Scales v. Lackey Memorial Hospital***, the plaintiff alleged that summary judgment was premature due to the lack of discovery and that additional discovery would have revealed a genuine issue of material fact. ***Scales v. Lackey Mem'l Hosp.***, 988 So. 2d 426, 429 (Miss. Ct. App. 2008). The plaintiff supplemented her answer to the expert interrogatory acknowledging the identity of her experts and describing their proposed testimony, but she did not state that either expert would opine that there had been a breach in the standard of care. ***Id.*** At the hearing on the motion for summary judgment, the defendant successfully argued that summary judgment was proper due to the plaintiff's failure to produce any sworn testimony from an expert witness. ***Id.*** at 430. The Court of Appeals affirmed. ***Id.*** at 431.

¶11.    In reviewing the trial court's denial of Defendants' motions for summary judgment, we find that the trial court erred because Phelps did not produce any sworn expert testimony establishing the essential elements of her medical-malpractice claim. Phelps had the burden

to come forth with sworn expert testimony stating that her physicians had breached the applicable standard of care; she failed to meet this burden. *See **Karpinsky*** at 88-89. While Phelps argues she retained a medical expert prior to filing suit and she responded to discovery requests identifying her expert and providing a summary of opinions, she failed to produce any sworn expert testimony by affidavit or otherwise.

¶12.    In ***Walker v. Skiwski***, 529 So. 2d 184, 187 (Miss. 1988), we found that listing expert witnesses in interrogatories without providing any sworn testimony of such witnesses was the "fatal deficiency in [the plaintiffs'] opposition to summary judgment." The record is clear that the trial court erred in denying Defendants' motions for summary judgment. Without expert testimony establishing a prima facie case of medical malpractice, Phelps cannot meet her burden of proof. ***Neely****,* 996 So. 2d at 729.

## CONCLUSION

¶13.    We find that the trial court erred and that Defendants are entitled to summary judgment. The judgment of the Hinds County Circuit Court is reversed and rendered.

¶14.    **REVERSED AND RENDERED.**

**WALLER, C.J., RANDOLPH, P.J., KING, COLEMAN, MAXWELL, CHAMBERLIN AND ISHEE, JJ., CONCUR. KITCHENS, P.J., NOT PARTICIPATING.**