# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2020-IA-00749-SCT

*COTTAGE GROVE NURSING HOME, L.P.*

*v.*

*CAROLYN BOWEN, INDIVIDUALLY AND ON BEHALF OF HER DECEASED HUSBAND GUY BOWEN*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/30/2020 |
| TRIAL JUDGE: | HON. WINSTON L. KIDD |
| TRIAL COURT ATTORNEYS: | ABBY GALE ROBINSON |
| | EUGENE RANDOLPH NAYLOR |
| | VICTORIA REPPOND BRADSHAW |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | EUGENE RANDOLPH NAYLOR |
| | VICTORIA REPPOND BRADSHAW |
| ATTORNEY FOR APPELLEE: | ABBY GALE ROBINSON |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| DISPOSITION: | REVERSED AND RENDERED - 07/01/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE KITCHENS, P.J., BEAM AND ISHEE, JJ.**

**BEAM, JUSTICE, FOR THE COURT:**

¶1.     This appeal arises from the denial by the Circuit Court of the First Judicial District of Hinds County of Cottage Grove Nursing Home's summary-judgment motion. Carolyn Bowen had sued Cottage Grove for wrongful death and medical negligence on behalf of her husband, Guy Bowen.

**FACTS AND PROCEDURAL HISTORY**

¶2.     Guy Bowen had been a resident of Cottage Grove since June 2016. In May 2017, Guy was diagnosed with prostate cancer that had metastasized into his organs and bones.

¶3.     In October 2017, Guy fell in the shower at Cottage Grove and sustained multiple fractures. The attending radiologist noted that the fractures were likely pathologic. Guy was transferred to a rehabilitation facility and then to Pleasant Hill Nursing Home. Guy did not return to Cottage Grove.

¶4.     On March 18, 2018, Guy presented to the emergency department at UMMC with various pain. A CT scan showed diffuse metastatic disease through his liver and widespread osseous disease in his bones. Guy died five days later. The cause of death was determined to be prostate cancer.

¶5.     On January 16, 2019, Carolyn Bowen filed suit against Cottage Grove for wrongful death and negligence arising out of the nursing home's care of Guy. Specifically, Carolyn claims that Guy's fall at Cottage Grove, in which he sustained multiple fractures, was the cause of Guy's death five months later on March 23, 2018.

¶6.     Cottage Grove filed a summary-judgment motion for Carolyn's failure to produce medical-expert testimony.

¶7.     Carolyn produced an unsworn autopsy report signed by Dr. Steven Hayne. In the report, Dr. Hayne concluded that Guy's immediate causes of death were metastatic adenocarcinoma and end-stage renal disease. Further, he listed the fractures as a cause of death.

¶8.     The circuit court held a hearing on Cottage Grove's summary-judgment motion and denied it. Cottage Grove appealed.

**I.      Whether the trial court erred by denying Cottage Grove's motion for summary judgment**.

¶9.     A trial court's grant or denial of summary judgment is reviewed de novo. ***Leffler v. Sharp***, 891 So. 2d 152, 156 (Miss. 2004).  Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact[.]" Miss. R. Civ. P. 56(c).

¶10.    To establish a prima facie case of medical negligence under Mississippi law, the plaintiff has the burden to establish the following elements through sworn expert testimony:

> (1) a duty existed requiring the defendant to conform to a specific standard of conduct for the protection of others against an unreasonable risk of injury; (2) a failure to conform to the required standard occurred; and (3) such breach of duty by the defendant proximately caused an injury to the plaintiff.

***Miss. Baptist Med. Ctr., Inc. v. Phelps***, 254 So. 3d 843, 845 (Miss. 2018) (quoting ***Crosthwait v. S. Health Corp. of Houston, Inc.***, 94 So. 3d 1070, 1073  (Miss. 2012)).

¶11.    Expert testimony is essential in a medical-malpractice case "because the expert's testimony demonstrates how the [applicable] standard of care was disregarded, and the testimony certifies that the defendant's 'failure was the proximate cause, or proximate contributing cause' of the injury." ***Vicksburg Healthcare, LLC v. Dees***, 152 So. 3d 1171, 1174 (Miss. 2014) (quoting ***Crosthwait***, 94 So. 3d at 1073). When a plaintiff fails to provide

3

expert testimony establishing a prima facie case of medical malpractice, a grant of summary judgment is required. *Id.* (citing *Kuiper v. Tarnabine*, 20 So. 3d. 658, 661 (Miss. 2009)).

¶12. Cottage Grove filed its summary-judgment motion because Carolyn did not present sufficient expert testimony to support her medical-negligence claim. Carolyn submitted the unsworn autopsy report of Dr. Hayne as expert testimony. Dr. Hayne's report surmised that "the history given indicates that the decedent fell, which is a major contributory cause of the death of the individual." Further, Dr. Hayne observed, the manner of death is "therapeutic complication."

¶13. The circuit court erred by denying Cottage Grove's summary judgment motion based on this report.

¶14. Cottage Grove's summary-judgment motion showed that Carolyn produced an unsworn report that failed to define the standard of care, how the standard of care was breached, or how the alleged failure to meet the standard of care was the proximate cause or proximate continuing cause of Guy's death. Dr. Hayne's report contained no clinical pathology or explanation as to how a fracture allegedly caused or contributed to Guy's death five months after his discharge from Cottage Grove.

¶15. To establish the essential element of proximate cause in the medical-negligence context, a plaintiff must produce sworn expert testimony from a qualified medical doctor connecting the alleged injuries with the defendant's alleged negligence. *Vaughn v. Miss. Baptist Med. Ctr.*, 20 So. 3d 645, 652 (Miss. 2009).

¶16. The Court of Appeals Correctly rejected Dr. Hayne's autopsy report in *Maxwell v. Baptist Memorial Hospital-DeSoto, Inc.*, 958 So. 2d 284, 290 (Miss. Ct. App. 2007), for the same reasons Cottage Grove sets forth. Dr. Hayne's report failed to establish the standard of care, how the care was allegedly breached, and causation. *Id.* at 290. The Court held that Dr. Hayne's report did not create a genuine issue of material fact. *Id.*

¶17. Furthermore, this Court in *Thomas v. State*, 249 So. 3d 331, 341 (Miss. 2018), rejected Dr. Hayne's opinion that the victim's manner of death was a therapeutic complication because therapeutic complication is not a recognized cause of death in Mississippi. *Thomas v. State*, 249 So. 3d 331, 341 (Miss. 2018). This Court found that Dr. Hayne's opinion was not offered to a reasonable degree of medical probability.

¶18. Because Carolyn failed to provide any competent, sworn medical testimony containing any specific facts or analysis as to Cottage Grove's contribution to Guy's death, Cottage Grove is entitled to summary judgment.

**CONCLUSION**

¶19. The trial court erred by denying Cottage Grove's summary-judgment motion. Cottage Grove met its summary-judgment burden by showing that Carolyn had failed to produce sworn expert testimony establishing a prima facie case of medical negligence. Accordingly, we reverse the judgment of the Circuit Court of the First Judicial District of Hinds County, and we render summary judgment in favor of Cottage Grove.

¶20. **REVERSED AND RENDERED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**