# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CA-00445-COA

**JAMES ALBERT BERRY** **APPELLANT**

**v.**

**CHIP HOLBROOK, M.D., DENNIS ADAMS,** **APPELLEES**
**M.D., AND SIMPSON COMMUNITY**
**HEALTHCARE D/B/A SIMPSON GENERAL**
**HOSPITAL**

| | |
|---|---|
| DATE OF JUDGMENT: | 02/06/2020 |
| TRIAL JUDGE: | HON. STANLEY ALEX SOREY |
| COURT FROM WHICH APPEALED: | SIMPSON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JAMES MICHAEL PRIEST, JR. |
| ATTORNEY FOR APPELLEES: | MARK P. CARAWAY |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| DISPOSITION: | AFFIRMED - 09/21/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE WILSON, P.J., McDONALD AND EMFINGER, JJ.

### EMFINGER, J., FOR THE COURT:

### FACTS

¶1. James Albert Berry was taken to the emergency room at Simpson General Hospital (Simpson General) on May 10, 2016, after his wife discovered him unresponsive in a chair at home. She reported that he had voided on himself and started gagging. In the emergency room, Berry was disoriented, combative, uncooperative, and reported feeling nauseous. He was admitted by Dr. Dennis Adams for observation. Berry was treated and then discharged

on May 12, 2016, by Dr. Chip Holbrook[1] who noted that "[o]verall the patient is better and . . . maximum hospital benefits have been reached." On May 19, 2016, Berry was admitted to the University of Mississippi Medical Center (UMMC) where a CT scan revealed "a large, irregular, MCA aneurysm that likely ruptured over one week from presentation." Berry was treated and discharged from UMMC on June 3, 2016. Berry has gone through intensive rehabilitation at Mississippi Methodist Rehabilitation Center and, according to the complaint, is still unable to work and suffers sensory, cognitive, and motor problems.

## PROCEDURAL HISTORY

¶2. On May 8, 2018, Berry sued Holbrook, Adams, and Simpson Community Healthcare, Inc., doing business as Simpson General, for medical negligence. Berry's complaint alleged that the defendants breached the applicable standard of care in failing to diagnose the aneurysm. Holbrook answered the complaint on September 11, 2018, and filed his notice of discovery requests on September 18, 2018. Adams answered the complaint and filed his notice of discovery requests on November 26, 2018. Both sets of discovery requests began with an interrogatory asking for the identification of expert witnesses and expert discovery. Having received no response to their discovery requests for almost a year, on October 15, 2019, the defendants filed a motion for summary judgment citing Berry's failure to identify an expert witness to testify that he "was subjected to malpractice by one or more medical professionals, and also that said malpractice was the proximate cause of actual harm to [him]." The defendants' motion was set for hearing on December 13, 2019, but on

_____

[1] Adams admitted Berry to Simpson General and Holbrook assumed Berry's care after admission.

2

December 10, 2019, Berry filed a motion to continue the summary judgment hearing. In the motion, Berry identified, for the first time, Dr. Todd Parker and Dr. Gustavo Luzardo as his expert witnesses. Berry represented that he had been unable to obtain their affidavits due to their schedules. He requested an additional forty-five days to obtain their affidavits. On December 13, 2019, the trial court granted Berry's motion, giving him until February 1, 2020, to provide the required expert affidavits and discovery responses. The trial court warned that if Berry did not produce the affidavits by February 1, 2020, summary judgment "would probably be granted without some sort of medical documentation." On February 3, 2020,[2] Berry filed a motion for an additional thirty days to produce the affidavits. After a written request from the defendants dated February 4, 2020, which mentioned Berry's second motion for additional time, the trial court granted the defendants' summary judgment motion on February 6, 2020. Berry filed a motion to alter the judgment, and after notice and hearing, the trial court denied the motion. Berry timely perfected this appeal on May 4, 2020. He argues that the trial court abused its discretion in granting summary judgment in favor of the defendants without first considering his second request for a continuance under Mississippi Rule of Civil Procedure 56(f).

**STANDARD OF REVIEW**

¶3.     It is within the trial court's discretion whether to grant or deny a continuance under Mississippi Rule of Civil Procedure 56(f) and we will only reverse that decision if we find an abuse of discretion. *Rainer v. River Oaks Hosp., LLC*, 282 So. 3d 751, 757 (¶20) (Miss.

---

[2] February 1, 2020 was a Saturday. *See* M.R.C.P. 6(a).

3

Ct. App. 2019). As to the grant of summary judgment, the Mississippi Supreme Court said in *Handy v. Madison County Nursing Home*, 192 So. 3d 1005, 1009 (¶14) (Miss. 2016) (citations and internal quotation marks omitted):

> Under Mississippi Rule of Civil Procedure 56(c), the trial court should grant summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party bears the burden of persuasion to establish that there is no genuine issue of material fact. The party with the burden of proof at trial bears the burden of production. Summary judgment is appropriate when the non-moving party has failed to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial. This Court applies de novo review to the circuit court's grant of summary judgment.

## ANALYSIS

### I. Second Request for Continuance Under Rule 56(f)

¶4. Precedents in Mississippi have clearly established that medical expert witness testimony is necessary to support a claim of medical negligence.[3] *Ranier*, 282 So. 3d at 755-57 (¶15-21). In fact, Mississippi Code Annotated section 11-1-58(1)(a) (Rev. 2014) required that Berry consult a medical expert before he filed his complaint. Berry's counsel complied with this statutory requirement by attaching his certificate to the complaint representing that prior to filing the complaint, he had consulted with at least one expert "who is qualified to give expert testimony as to standard of care or negligence." Although Berry represented that he had consulted an expert witness, he did not respond to the expert discovery requests within thirty days as required. Berry did not ask the court for an extension of time to respond

---

[3] While there are exceptions to this rule, there is no contention that expert medical testimony was not required in this case.

4

to discovery. In fact, according to Rule 4.03(A) of the Uniform Civil Rules of Circuit and County Court, all discovery in the case should have been complete before March 1, 2019, and Berry did not seek an extension of the discovery period. After the motion for summary judgment was filed and set for hearing, on December 10, 2019, Berry, for the first time, partially responded to the expert discovery requests and sought additional time to produce the expert affidavits he would need to oppose summary judgment. He asked for an additional forty-five days. The trial court granted his request, but with a warning. Berry, however, did not timely produce the expert affidavits. Instead, on the deadline he agreed to in December, Berry filed another motion seeking additional time to obtain the affidavits. The trial court, after being made aware of these events, implicitly denied the second motion for additional time by entering the order granting summary judgment.

¶5.     As for the propriety of the trial court's denial of the second motion for additional time, we have considered a similar fact pattern in *Rainer*. In *Rainer*, 282 So. 3d at 752 (¶11), the trial court granted summary judgment for River Oaks after Rainer failed to designate an expert in a timely manner. The trial court set an original deadline for designation of an expert of March 1, 2017. *Id*. at 753 (¶5). After Rainer failed to designate her expert by the original deadline, River Oaks filed its motion for summary judgment on April 6, 2017, and noticed the motion for a May 1, 2017, hearing. *Id*. (¶¶6-7). That hearing was rescheduled to May 24, 2017, at Rainer's request and an agreed order was entered granting Rainer until May 15, 2017, to designate her expert and respond to River Oaks' motion. *Id*. at 753 (¶7). In this agreed order, Rainer specifically agreed that she would not seek another extension of time

to respond. *Id*. Rainer failed to comply with the order. Instead she designated her expert the day prior to the May 24, 2017, hearing and moved for additional time within which to produce an affidavit of the expert the day of the hearing. *Id*. at 754 (¶¶8-9). The trial court denied the motion for time and granted summary judgment. *Id*. at (¶10). Rainer appealed and argued that the trial court abused its discretion in failing to grant her motion for continuance. We found no abuse of discretion and affirmed. *Id*. at 755 (¶13).

¶6.     In the present case, twenty months elapsed between the filing of the complaint and the grant of summary judgment. Additionally, almost four months elapsed between the filing of the defendants' summary judgment motion and the February 1 deadline to produce expert affidavits. The second motion for continuance does not sufficiently explain why Berry could not have produced the required affidavits sooner. Berry did not identify any need for discovery to be conducted on his part or point to any information in the defendants' possession that would help him oppose their summary judgment motion. The trial court obviously found that Berry had not been diligent in obtaining the affidavits. *See Scales v. Lackey Mem'l Hosp.*, 988 So. 2d 426, 435 (¶20) (Miss. Ct. App. 2008). The trial court revisited that decision when hearing Berry's motion to alter the judgment and came to the same conclusion. We cannot say the trial court abused its discretion by implicitly denying the second motion for additional time.[4]

## II.     Summary Judgment

---

[4] "A trial court's grant of summary judgment, coupled with its final judgment, may serve as an 'implicit denial of any outstanding motions.'" *Stuart v. St. Dominic-Jackson Mem'l Hosp.*, 311 So. 3d 1192, 1200 (¶33) (Miss. Ct. App. 2020) (quoting *Lucas v. Baptist Mem'l. Hosp.-N. Miss. Inc.*, 997 So. 2d 226, 231 (¶14) (Miss. Ct. App. 2008)).

¶7. To establish his medical malpractice claim, Berry must prove that the defendants had a duty to conform to a specific standard of conduct, they failed to conform to that standard, and their failure to do so proximately caused Berry's injury. *Mississippi Baptist Med. Ctr., Inc. v. Phelps*, 254 So. 3d 843, 845 (¶6) (Miss. 2018). In his initial motion to continue the summary judgment proceedings, Berry identified Dr. Todd Parker as an expert, but failed to produce an affidavit of his expected testimony. The supreme court has held that failure to produce expert testimony establishing a prima facie case of medical malpractice is "fatal" to a plaintiff's opposition to summary judgment. *Id*. at 846 (¶12). "[A] plaintiff in a medical malpractice action knows 'from the very moment the suit is filed that an expert witness will be needed to survive summary judgment.'" *Rainer*, 282 So. 3d at 758 (¶26).

## CONCLUSION

¶8. The trial court did not abuse its discretion by denying Berry's second request for a continuance under Rule 56(f). Further, because Berry failed to produce the required expert testimony/affidavit as outlined above, we find that the trial court did not err in granting summary judgment. Accordingly, the decision of the trial court is affirmed.

¶9. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, LAWRENCE, McCARTY AND SMITH, JJ., CONCUR. McDONALD, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**