# IN THE SUPREME COURT OF MISSISSIPPI

# NO. 2020-IA-01017-SCT

*CLAIBORNE COUNTY HOSPITAL*

*v.*

*JULIUS TRUITT*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/10/2020 |
| TRIAL JUDGE: | HON. TOMIKA HARRIS IRVING |
| TRIAL COURT ATTORNEYS: | LARRY STAMPS |
| | GAYE NELL LOTT CURRIE |
| COURT FROM WHICH APPEALED: | CLAIBORNE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | GAYE NELL LOTT CURRIE |
| ATTORNEYS FOR APPELLEE: | ANITA M. STAMPS |
| | LARRY STAMPS |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| DISPOSITION: | REVERSED AND RENDERED - 03/17/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE RANDOLPH, C.J., MAXWELL AND BEAM, JJ.**

**BEAM, JUSTICE, FOR THE COURT:**

¶1. This interlocutory appeal arises from a denial by the Claiborne County Circuit Court of a summary-judgment motion. Claiborne County Hospital (CCH) sought summary judgment against Julius Truitt on his medical-negligence claim. CCH claimed Truitt failed to designate a medical expert. Truitt responded to CCH's motion that a genuine issue of material fact exists and that he is exempt from producing sworn expert testimony under the layman's exception allowing lay testimony despite the general rule requiring medical expert testimony in medical-negligence cases.

## FACTS AND PROCEDURAL HISTORY

¶2.     On January 22, 2016, Truitt was transported by ambulance to CCH following an automobile accident. Truitt presented to the emergency room at CCH with complaints of low back pain and left knee pain. Truitt was examined by medical staff and Dr. William Truly.

¶3.     Dr. Truly noted Truitt had moderate tenderness and swelling in his left leg with limited weight bearing secondary to pain. Truitt's back was noted to be without tenderness. Dr. Truly ordered a CT scan of the lumbar and cervical spine as well as an X-ray of Truitt's tibia, fibula, and knee. In addition, a urinalysis was ordered. The X-ray of the left knee was performed at 2:33 p.m. and indicated no traumatic injury, no evidence of dislocation or subluxation. CT scans of the lumbar and cervical spine were performed at 2:41 p.m. and 2:45 p.m. The CT scans did not indicate any traumatic injury.

¶4.     At approximately 3:19 p.m., Truitt was to provide a urine specimen. CCH avers Truitt was assisted to the restroom by a nurse. After the sample was obtained, Truitt opened the door to hand the specimen to the nurse. During this exchange, a loud popping noise was noted. Truitt lost his balance and was unable to put weight on his left leg. The nurse then assisted him back to bed. At approximately 3:29 p.m., X-rays were done of Truitt's left tibia and fibula, which established he had a fracture of the proximal left tibia. Truitt was subsequently transferred from CCH to the University of Mississippi Medical Center for further treatment.[1]

_____

[1] Truitt contends the X-ray of the left tibia and fibula was performed prior to his fall. However, the medical record does not support this claim. Truitt also alleges he was told he had a splintered leg after his X-ray.

¶5. On April 24, 2017, Truitt filed a complaint against CCH alleging medical negligence in his care and treatment at CCH. Specifically, Truitt claims that CCH was negligent by 1) failing to assist him to the restroom to administer a urine sample; 2) failing to give a proper diagnosis of his medical condition; and 3) failing to render treatment consistent with a proper diagnosis.

¶6. CCH served its responses to Truitt's discovery requests. For three years, CCH had not heard from Truitt before it filed a motion for summary judgment alleging Truitt failed to establish the essential elements of a *prima facie* claim of medical negligence.

¶7. CCH specifically argues that Truitt did not disclose any expert to give opinions that CCH failed to meet the standard of care applicable to it or that such failure caused or contributed to any injury to Truitt. Additionally, CCH attached a sworn affidavit of Cindy McIntyre, R.N., in support of its position that the nursing staff met the appropriate standard of care.

¶8. The motion was set to be heard on Monday, June 8, 2020. On Friday, June 5, 2020, Truitt filed his response and a memorandum in opposition to CCH's motion for summary judgment. Truitt argued in his memorandum that genuine issues of material fact existed regarding the layman's exception, or in the alternative, the testimony of his expert witness.

¶9. Within the same response, Truitt also attached his responses to CCH's First Set of Interrogatories and Requests for Production of Documents. CCH's Interrogatory No. 2 requested the identity and opinions of Truitt's experts. Truitt responded:

> RESPONSE: Dr. Eric Edwards Holt
> 7166 Edgewater Drive

Mandeville, LA 70471
(504) 644-8030

The plaintiff expects Dr. Holt to testify that the care provided to Julius Truitt on January 22, 2016, fell below the minimal acceptable standard of care that the Hospital had a duty to provide. Further, Dr. Holt is expected to testify that this breach of the standard of care was a proximate cause or a proximate contributing cause of the aggravation of Julius Truitt's left leg injury.

The plaintiff is still attempting to recover medical records and x-rays that have not been produced by the hospital yet.[2] Attached is a copy of Dr. Holt's Curriculum Vitae.

No sworn affidavit of Dr. Holt was included in Truitt's response to the First Set of Interrogatories.

¶10. Although Truitt provided the name of an expert, he asserted that expert testimony is necessary only as a general rule. Instead, Truitt indicated that he was prepared to establish negligence under the layman's exception. Truitt also included a self-serving affidavit affirming his personal knowledge of facts and his competence to testify.

¶11. The trial court denied CCH's motion for summary judgment, ruling that a genuine issue of material fact was present. In its order denying the motion, the court did not address the layman's exception. The court noted that in Truitt's response to CCH's Interrogatory No. 2, his expert would testify that CCH's breach of the standard of care was a proximate cause or contributing factor to Truitt's injury. CCH's expert nurse, Cindy McIntyre, planned to testify that CCH's staff met and/or exceeded the standard of care.

¶12. The trial court determined that these disputed facts and conflicting expert opinions demonstrated genuine issues of material fact that could affect the outcome of the case. CCH

---

[2] The record reflects medical records and X-rays were produced by the hospital.

4

sought interlocutory appeal of the trial court's denial of summary judgment, and this Court granted.

## DISCUSSION

**Whether the trial court erred by denying CCH's summary-judgment motion.**

¶13.    A trial court's grant or denial of summary judgment is reviewed de novo. ***Leffler v. Sharp***, 891 So. 2d 152, 156 (Miss. 2004).  Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact[.]" Miss. R. Civ. P. 56(c).

¶14.    In asserting his medical-negligence claim, Truitt argues that CCH was negligent by failing to assist him to the restroom, by failing to give a proper diagnosis of his medical condition, and by failing to render treatment consistent with proper diagnosis. CCH filed its motion for summary judgment arguing that because Truitt failed to provide sworn expert testimony, it is entitled to judgment as a matter of law.

¶15.    To establish a *prima facie* case of medical negligence under Mississippi law, the plaintiff has the burden to establish the following elements through sworn expert testimony: "(1) a duty existed requiring the defendant to conform to a specific standard of conduct for the protection of others against an unreasonable risk of injury; (2) a failure to conform to the required standard occurred; and (3) such breach of duty by the defendant proximately caused an injury to the plaintiff." ***Miss. Baptist Med. Ctr., Inc. v. Phelps***, 254 So. 3d 843, 845 (Miss.

5

2018) (quoting ***Crosthwait v. S. Health Corp. of Houston, Inc.***, 94 So. 3d 1070, 1073 (Miss. 2012)).

¶16.    Truitt asserts that his discovery responses cover both bases of establishing negligence through the layman's exception and his designation of expert witness. We disagree.

¶17.    First, Truitt contends expert testimony is not required in this case by virtue of the layman's exception.

¶18.    It is true that this Court has "long recognized an exception to the general rule requiring a medical expert in 'instances where a layman can observe and understand the negligence as a matter of common sense and practical experience.'" ***Smith ex rel. Smith v. Gilmore Mem'l Hosp., Inc.***, 952 So. 2d 177, 180 (Miss. 2007) (quoting ***Coleman v. Rice***, 706 So. 2d 696, 698 (Miss. 1997)). However, the layman's exception does not apply to the facts of this case because Truitt's claim involves the rendering of medical services and a nurse's professional judgment for which expert testimony is required.

¶19.    The layman's exception applies in medical-negligence cases in which a layman "can observe and understand the negligence as a matter of common sense and practical experience." ***Palmer v. Anderson Infirmary Benevolent Ass'n***, 656 So. 2d 790, 795 (Miss. 1995) (citing ***Walker ex rel. Walker v. Skiwski***, 529 So. 2d 184, 187 (Miss. 1988)). This exception has also been applied in cases in which "the unauthorized or unexplained leaving of an object inside a patient during surgery," ***Coleman***, 706 So. 2d at 698, or in which patients were given the wrong medication, ***Dailey v. Methodist Med. Ctr.***, 790 So. 2d. 903

(Miss. 2001). The facts of this case do not correspond to prior applications of the layman's exception.

¶20. Additionally, the layman's exception would not apply in this case because Truitt alleged the nurse failed to assist him to the restroom to administer a urine sample. When action or inaction on the part of a nurse involves the performance of medical services and application of professional judgment, the layman's exception cannot apply. *Crosthwait*, 94 So. 3d at 1076. The rendering of medical services, the diagnosing of medical conditions, and the administration of medical treatment are all matters outside the common knowledge of a layperson. *Id.*

¶21. Next, Truitt claims, alternatively that he designated an expert witness. However, his designation does not provide sworn expert testimony. Truitt only provided the name of his expert and a brief description of the anticipated testimony.

¶22. Expert testimony is essential in a medical malpractice case "because the expert's testimony demonstrates how the [applicable] standard of care was disregarded, and the testimony certifies that the defendant's 'failure was the proximate cause, or proximate contributing cause' of the injury." *Vicksburg Healthcare, LLC v. Dees*, 152 So. 3d 1171, 1174 (Miss. 2014) (quoting *Crosthwait*, 94 So. 3d at 1073). When a plaintiff fails to provide expert testimony establishing a *prima facie* case of medical malpractice, a grant of summary judgment is required. *Id.* (citing *Kuiper v. Tarnabine*, 20 So. 3d 658, 661 (Miss. 2009)).

¶23. In addition, this Court has held that "listing expert witnesses in interrogatories without providing any sworn testimony of such witnesses is a 'fatal deficiency in [the plaintiffs']

opposition to summary judgment.'" *Phelps*, 254 So. 3d at 846 (alteration in original) (quoting *Walker*, 529 So. 2d at 187).

¶24.     This Court finds the facts of this case are similar to the facts in *Phelps*, 254 So. 3d 843. In *Phelps*, plaintiff sued defendant hospital in a medical malpractice claim arising out of plaintiff's care and treatment while at the hospital. *Id.* at 843. The parties exchanged discovery. In discovery, plaintiff provided only the name of her expert witness and a brief summary of the expected testimony. *Id.* The hospital filed a motion for summary judgment citing Phelps's failure to provide any sworn expert testimony to support her medical-malpractice claim. *Id.* The circuit court denied the hospital's motion for summary judgment. On appeal, this court determined that the hospital was entitled to summary judgment because plaintiff could not meet her burden of establishing a *prima facie* case of medical-malpractice without expert testimony. *Id.* at 846.

¶25.     Like *Phelps*, Truitt did not produce any sworn expert testimony establishing the essential elements of his medical-malpractice claim. The burden of establishing a breach of the applicable standard of care falls on Truitt. Therefore, Truitt failed to meet this burden because he did not provide sworn expert testimony establishing this breach.

¶26.     However, if the discovery responses were found to be sufficient to overcome summary judgment, Truitt still failed to establish the essential elements of a medical-negligence claim. Truitt's discovery responses provided that his expert, Dr. Holt, would testify that the care provided fell below the minimal acceptable standard of care that CCH had a duty to provide. In addition, this breach of the standard of care was a proximate cause or a proximate

8

contributing cause of the aggravation of Truitt's left leg injury. However, the discovery responses do not furnish what the standard of care was, how it was breached, or how the breach contributed to Truitt's injury. Therefore, the expert testimony would still have been insufficient in establishing medical negligence.

¶27. Without sworn expert testimony or an application of the layman's exception, Truitt failed to establish the essential elements of his medical-negligence claim.

## CONCLUSION

¶28. As a matter of law, the trial court erred by denying CCH's motion for summary judgment. CCH met its summary-judgment burden by showing that Truitt failed to produce sworn expert testimony establishing a *prima facie* case of medical negligence. The judgment of the Claiborne County Circuit Court is reversed and rendered.

¶29. **REVERSED AND RENDERED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**